HERSEY, Judge.
This appeal from a conviction and sentence for armed robbery involves an application of some form of the “Brady evidence” rule. Simply stated, the rule enunciated in Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) is that where a pre-trial request for specific evidence has been made by the defense and not complied with by the prosecution and the withheld evidence may have affected the outcome of the trial, the accused will be held to have been effectively denied his right to. a fair trial. A companion rule, arising out of United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), is applied where no such request is made or where there is a general request for exculpatory evidence. The test for fairness under these circumstances is whether or not the evidence withheld creates a reasonable doubt that did not otherwise exist.
Florida has codified these requirements, to some extent, in Rule 3.220(a)(2), Florida Rules of Criminal Procedure, which provides:
(a)(2) As soon as practicable after the filing of the indictment or information the prosecutor shall disclose to the defense counsel any material information within the State’s possession or control which tends to negate the guilt of the accused as to the offense charged.
Appellant seeks reversal of an order denying his motion for new trial on the grounds that because of a violation of the Brady rule he was denied his right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
Following an armed robbery, of which appellant was accused, the storeowner victim and one of his employees were shown a photographic line-up which included a picture of appellant. Neither witness was able to make an identification. Subsequently both witnesses did identify appellant in a live or corporeal line-up. Another employee was unable to identify appellant and identified another individual as the one he had seen in the store on the day of (but not at the time of) the robbery. Appellant and his mother testified that they were together at the time the robbery took place. Appellant filed a demand for discovery which contained the general request for “. any material information within the state’s possession or control which tends to negate the guilt of the accused as to the offense charged.” The State’s answer to demand •listed line-up photographs which had been taken of the corporeal lineup. Those from the photographic lineup were not disclosed and, in fact, were not preserved for trial or for any other purpose.
Approximately one month prior to trial appellant took the deposition of the victim and learned of the photographic line-up. The record does not disclose any activity on the part of appellant to obtain a disclosure of evidence concerning that line-up. A few days before the trial he asked one of tne police officers who had conducted the investigation whether there was anything else about the case not shown by the police reports that he should know. The response to this general question was to the effect that the reports covered everything. Later, after the jury had retired to consider its verdict, that officer apparently recalled, and therefore advised appellant, that the photographic line-up had included a photograph of appellant.
Prior to this and during the trial, the prosecutor, in response to appellant’s question as to whether or not appellant’s photograph had been included in the line-up, indicated that there had been open file discovery and that he had no knowledge of or about a photographic line-up. There is no evidence or even an indication that the prosecutor did have such knowledge.
On these facts, appellant seeks reversal because of the purported Brady violation. We find no violation sufficient to support reversal and affirm.
At no time prior to trial was a specific demand made for evidence connected with the photographic line-up. The effect of failure to produce that evidence must therefore be tested under the Agurs variation of *1180 the Brady rule. The trial judge was in a much better position to evaluate the potential effect of the withheld evidence than we are. He had an opportunity to see and hear the witnesses, gauge their credibility and weigh the evidence. In addition, his determination in that regard comes to us clothed in a presumption of correctness. McNamara v. State, 357 So.2d 410 (Fla.1978). We are not prepared to hold that, as a matter of law, the omitted evidence would create a reasonable doubt that did not otherwise exist.
Appellant’s failure to take positive action after learning of the photographic line-up may constitute a waiver of his right to now object to the State’s failure to come forward with that evidence but such a determination is not essential to the result we have reached for the other reasons given.
AFFIRMED.'
ANSTEAD, J„ and OSEE R. FAGAN, Associate Judge, concur.