437 So.2d 1099 (1983)
Carlos Luis ARANGO, Appellant,
v.
The STATE of Florida, Appellee.
Carlos Luis ARANGO, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, Respondent.
Nos. 63562, 63563.
Supreme Court of Florida.
September 1, 1983.
*1101 Sharon B. Jacobs and Steven E. Chaykin of Chaykin, Karlan & Jacobs, Coral Gables, for appellant/petitioner.
Jim Smith, Atty. Gen., and Penny Hershoff Brill and Carolyn M. Snurkowski, Asst. Attys. Gen., Miami, for appellee/respondent.
PER CURIAM.
Arango was convicted of first-degree murder and sentenced to death in July, 1980. We affirmed the conviction and sentence on direct appeal. Arango v. State, 411 So.2d 172 (Fla.), cert. denied, 457 U.S. 1140, 102 S.Ct. 2973, 73 L.Ed.2d 1360 (1982). Arango petitions for a writ of habeas corpus on the ground that he was denied effective assistance of counsel on direct appeal and for a stay of his execution pending final disposition of his petition for writ of habeas corpus. By separate application, he petitions for a stay of execution and extraordinary relief to remedy alleged violations of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and international law. Arango also appeals the denial of his rule 3.350 motion for post-conviction relief. We have jurisdiction. Art. V, § 3(b)(7) & (9), Fla. Const. We deny the petition for writ of habeas corpus based on ineffective assistance of counsel and the application for extraordinary relief based on violation of international law, affirm the denial of the rule 3.850 motion, and remand for a hearing on the Brady violation.

HABEAS CORPUS
Petitioner urges that he received ineffective assistance of counsel on direct appeal and, in support, cites nine issues which his counsel failed to raise on appeal:
1. Denial of petitioner's motion to dismiss when state failed to preserve and make available physical evidence which would have proven innocence.
2. Denial of petitioner's motions for mistrial and to voir dire a juror because the judge and juror smiled during petitioner's testimony.
3. Refusal of judge to permit introduction of newspaper clippings in mitigation showing that murder victim was notorious Mafia figure.
4. Improper consideration of a non-statutory aggravating factor not supported by evidence.
5. Indictment violated sixth amendment and due process clause of the fourteenth amendment by not including aggravating factors to be considered.
6. The Florida death penalty statute, facially and as applied, violates the fifth, sixth, eighth, and fourteenth amendments by failing to channel jury discretion and by permitting irrelevant factors into the sentencing process by jury and judge.
7. The death sentence violated the sixth, eighth, and fourteenth amendments in that incorrect jury instructions were given and correct jury instructions were refused.
8. Imposition of the death sentence after petitioner rejected a plea bargain *1102 offer of life imprisonment violated the sixth, eighth, and fourteenth amendments.
9. Petitioner's due process right to a fair and impartial jury was violated in that the jury which recommended the death penalty was composed of jurors who favored the death penalty and who had already rejected his trial defenses as to guilt and formed an unfair and prejudicial mindset.
We find that all of petitioner's arguments are without merit and that only points 1 and 4 require discussion.
Petitioner contends that he was denied effective assistance of counsel because his lawyer failed to appeal the trial court's denial of his motion to dismiss based on the state's acknowledged failure to preserve a bloody yellow shirt discovered in petitioner's apartment following the murder. Petitioner's position is that the loss of the shirt by the state constituted a Brady violation and had the shirt been presented at trial, it would have corroborated petitioner's statement that the shirt had been left behind by one of three assailants who petitioner avers murdered the victim.
A Brady violation is normally predicated on the defendant's not knowing of the withheld evidence. Where defendant is aware of the evidence before or during trial, the appropriate action is a motion to compel discovery or a motion to dismiss. Petitioner became aware of the loss of the shirt during trial and moved to dismiss based on its loss. Although there is a possibility that admission of the shirt might have helped the defense, we are not persuaded that failure to raise the issue on appeal constitutes ineffective assistance of counsel. The facts of the case show that the murder occurred in petitioner's apartment, that the shirt was in a bathroom sink, and that there was evidence that petitioner had, at least partially, changed his clothes and attempted to clean himself prior to the arrival of the police. Under these circumstances, and in view of other evidence that petitioner committed the murder, the trial court's denial of his motion to dismiss predicated upon the state's admitted loss of the shirt is not such that failure to appeal its denial amounts to ineffective counsel.
Petitioner also claims that the trial judge improperly considered a non-statutory aggravating factor which was not supported by any evidence. The basis for this claim is in the trial judge's finding of fact relative to aggravating circumstances:
(H) That the murder of which the defendant has been convicted was especially heinous, atrocious or cruel. That the record amply shows that the defendant did beat the victim, Jario-Arango Posada, with a blunt instrument many times about his head and body, causing deep lacerations and tremendous bleeding; that the victim was struck severely between his legs, almost severing his sexual organ; that the defendant placed television remote control wire around the victim's neckchoking him and balled up a towel and stuffed it into his throat, blocking his air passages; that after severe beating and strangulation, two gunshot wound were placed in the victim's head. The record further shows that the defendant acted in a premeditated, senseless and cruel manner that is indicative of the unreasonable, unlawful and violent nature of this defendant in the especially heinous, atrocious murder of Jario-Arango Posada.
Petitioner urges that the last sentence of the quote is a separate non-statutory aggravating circumstance bearing on petitioner's conduct prior to the murder and that failure to raise this issue on appeal constituted ineffective assistance of counsel. We disagree. The sentence bears on the judge's finding that the murder was especially heinous, atrocious, or cruel and contains no error. We have previously affirmed the death sentence on direct appeal based on a finding of a single aggravating circumstance, especially heinous, atrocious, or cruel. Arango at 174-75. There was no ineffective assistance of counsel for failure to *1103 raise the issue. See Thomas v. State, 421 So.2d 160 (Fla. 1982).

APPEAL (3.850 MOTION)
Appellant urges that the trial court erred in denying his motion: (1) in the face of uncontradicted evidence that the state failed to preserve exculpatory evidence; (2) in view of the thirteen substantive issues raised by appellant; and (3) without an evidentiary hearing or without attaching the portion of the files and records conclusively showing that appellant was not entitled to relief.
On point one, we have previously noted that the state's failure to preserve the allegedly exculpatory evidence, a bloody yellow shirt, was known to appellant during the course of the trial and that the trial court denied appellant's motion to dismiss based on the state's loss of the evidence.
On point two, the record reflects that all of the thirteen substantive issues raised by appellant were either raised, or could have been raised, on appeal. Thus, neither points one nor two present issues appropriate for rule 3.850 challenges. See Raulerson v. State, 420 So.2d 567 (Fla. 1982).
Point three merits discussion. On January 3, 1983, appellant's counsel filed an unverified motion for post-conviction relief. Said motion was scheduled for hearing on March 9, 1983, but was indefinitely postponed at the request of appellate counsel until she could obtain verification by appellant. The delay in obtaining verification was attributed to a language barrier. (Appellant speaks only Spanish.) On April 6, 1983, the Governor signed a warrant directing that appellant be executed during the week of April 29, 1983. Thereafter, appellant's counsel filed an amendment to the motion for post-conviction relief and ancillary motions seeking a declaration of indigency, appointment and payment of a translator, experts (attorneys), investigators, and counsel, a stay of the execution, and an evidentiary hearing. Appellant was transported to Dade County and a hearing scheduled for April 21, 1983. On that date, appellant verified his motion for post-conviction relief.
At the rule 3.850 hearing, presided over by the original trial judge, appellant maintained that his ancillary motions should first be granted. The trial judge declined to do so until appellant came forth with preliminary evidence that the claimed ineffective assistance of counsel did not result from trial strategy and tactics. Despite the presence at court of the former, allegedly ineffective, counsel, subpoenaed by the state, and contrary to the suggestion of the state and the court, appellant refused to call former counsel and objected to the state doing so. Appellant's position was that he was not prepared for an "evidentiary" hearing on his motion for post-conviction relief and could not prepare for such hearing unless his ancillary motions were granted. Having reached impasse, the trial judge reviewed the standards for post-conviction relief from Knight v. State, 394 So.2d 997 (Fla. 1981), and ruled that appellant had not supported his motion.
We have reviewed the various points raised by appellant in his motion for post-conviction relief, as amended, and agree with the trial judge that the specific omissions or overt acts are either explainable on their face as trial tactics or do not otherwise show ineffective assistance of counsel. Appellant met the first prong of the four-part test set forth in Knight by detailing the specific omission or overt act on which his claim was based, but failed entirely "to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel." Id. at 1001.
Appellant is apparently laboring under a misapprehension of his burden under Knight and the purpose of a rule 3.850 hearing. When a motion for post-conviction relief is filed, the presiding judge may: (1) determine that the motion itself is legally insufficient and deny the motion without a hearing; (2) determine that the files and records in the case conclusively show that the prisoner is entitled to no relief and deny the motion without a hearing, attaching a copy of the portion of the files and records *1104 conclusively showing no entitlement to relief; or (3) determine that a hearing is required for disposition of the motion.
In the instant cause appellant was afforded a hearing but complains that it was illusory and unduly restrictive because of the judge's refusal to first grant his ancillary motions. Appellant's counsel refused to put on any preliminary evidence to support either the motion for post-conviction relief or the ancillary motions, despite the fact that both the appellant and the allegedly ineffective former counsel were present and available. We approve the trial judge's determination that preliminary supporting evidence was necessary before he could realistically consider granting the various ancillary motions. The burden was on the appellant to support his pending motions. We, of course, have no opinion as to what the trial judge might have ruled had appellant or appellant's former counsel been called to testify, but the judge cannot be faulted for appellant counsel's tactical decision not to use the hearing to present probative evidence.
We also take this opportunity to comment on what we consider to be the all too frequent and questionable practice of waiting until the eleventh hour to raise or prosecute issues which could have and should have been raised months or years before. The unverified motion for post-conviction relief was filed on January 3, 1983. The four-month delay in verifying the motion and scheduling it for hearing until just prior to the scheduled execution week can be described at best as dilatory and, at worst, as an abuse of process. Essentially, appellant appeared at the April 21, 1983, hearing unprepared to carry the Knight burden, demanding instead that he be granted a stay of execution and the appointment of investigators and experts in the speculative expectation that he might be able at some unknown future date to develop evidence to support the motion for post-conviction relief. We condemn such tactics as unworthy of the legal profession. Spenkelink v. Wainwright, 372 So.2d 927 (Fla. 1979) (Alderman, J., concurring specially).
Appellant also urges that the trial judge erred in failing to attach portions of the files and records conclusively showing that the appellant was entitled to no relief. Such attachment is only required if no hearing is held. Petitioner was granted a hearing. The motion was denied after the hearing at which petitioner failed to either meet prong two, or three, of Knight or to support his ancillary motions for a stay of the execution and additional time and resources. We have reviewed the transcript of the hearing and find it comports with due process.

APPLICATION FOR EXTRAORDINARY RELIEF
We see no merit in petitioner's argument that imposition of the death penalty on him would violate international law.
At trial, petitioner testified that he and the victim were overpowered by three assailants who murdered the victim and fled prior to the arrival of the police. Petitioner now urges that he has recently discovered, on approximately April 23, 1983, that a semi-automatic pistol was found on the day following the murder under the balcony of petitioner's apartment, and was turned over to the police investigating the murder. Petitioner urges that this evidence was exculpatory and that the state failed to produce this evidence despite his discovery motion which specifically requested, inter alia:
3. Any physical evidence or witness statements which corroborate the Defendant's statements to Detective Diaz that other Latin males entered the apartment and committed the homicide.
The state acknowledges that it did not make petitioner aware of this evidence but maintains that the pistol was unrelated to this case and, thus, was not disclosed. We express no views on the merits but petitioner has made a prima facie case which requires a hearing. We remand to the trial court for the purpose of conducting a hearing *1105 on the claimed Brady violation. Our stay of execution granted on May 2, 1983, remains in effect pending the outcome of the hearing.
It is so ordered.
ALDERMAN, C.J. and SHAW, J., concur.
McDONALD, J., concurs specially with an opinion in which OVERTON, J., concurs.
ADKINS, BOYD and EHRLICH, JJ., concur to portions of opinion denying habeas corpus and affirming denial of the 3.850 motion, but dissent to remanding for a hearing on the Brady violation.
McDONALD, Justice, specially concurring.
I concur in all parts of the opinion except that portion that denies an evidentiary hearing on Arango's 3.850 motion. In addition to the relief afforded Arango in the opinion, he should be authorized to present evidence of ineffective assistance of counsel at the sentencing proceeding. In addition, I would go somewhat further because I also feel that he is entitled to an evidentiary hearing on the effectiveness of counsel at the sentencing proceeding. To me this did not appear to be an appropriate death sentence case, and, had available nonstatutory mitigating circumstances been presented, others may have reached the same conclusion.
OVERTON, J., concurs.