441 So.2d 606 (1983)
Thomas PERRI, Appellant,
v.
STATE of Florida, Appellee.
No. 57142.
Supreme Court of Florida.
September 29, 1983.
Rehearings Denied December 28, 1983.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., Miami, for appellee.
*607 ADKINS, Justice.
This is an appeal from a judgment adjudging defendant guilty of first-degree murder and a sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Defendant was also convicted of burglary and robbery, sentenced to consecutive terms of life imprisonment for the burglary and fifteen years' imprisonment for the robbery.
The co-perpetrator of the crimes, Stephen Weiss, was the key state witness.
The victim, eighty-six years of age and hard of hearing, lived alone on Miami Beach. Defendant and Weiss broke into his home while the victim was asleep and ransacked the place looking for money. They found the victim asleep in a bedroom on the top floor of the house. Defendant beat the victim while he was lying in the bed and then threw the victim on the floor and kicked him in the side. Defendant Grabbed a pen which was lying on the floor and tried to put it in the victim's ear, saying "Dead men tell no tales." Being unable to push it in, the defendant told Weiss to kick it in. Weiss did so. Defendant leaned over the body and said, "He's dead."
After they left the house, defendant and Weiss returned for the purpose of wiping off fingerprints. The testimony of Weiss, bolstered by circumstantial and scientific evidence, was sufficient to sustain the verdict.
A statute provides that no judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. § 924.33, Fla. Stat. (1981). This principle of law is applicable to capital cases. Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981); Salvatore v. State, 366 So.2d 745 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); North v. State, 65 So.2d 77 (Fla. 1952), aff'd, 357 U.S. 932, 74 S.Ct. 376, 98 L.Ed. 423 (1954).
Defendant's attorneys on appeal raised only one question concerning the conviction in their brief, i.e., "The defendant was deprived of constitutionally effective assistance of counsel." They recognize that the adequacy of representation of counsel could not be raised for the first time on direct appeal. State v. Barber, 301 So.2d 7 (Fla. 1974). This rule is applicable to capital cases. Gibson v. State, 351 So.2d 948 (Fla. 1977), cert. denied, 435 U.S. 1004, 98 S.Ct. 1660, 56 L.Ed.2d 93 (1978).
Defendant filed a motion to relinquish jurisdiction for the purpose of raising the ineffective assistance claim in the trial court. This motion was denied by the Court, without prejudice, of course, to the right of defendant to raise this claim after the direct appeal is completed.
We have carefully considered the brief of defendant and all of the questions raised in the brief as though they were presented as questions to be determined on appeal. We do not find that the trial court committed reversible error.
The primary question to be determined by the jury was whether the testimony of the co-perpetrator, Weiss, should be believed. His testimony was corroborated by scientific evidence and other circumstances. The jury was entitled to accept this testimony as true and it is sufficient to sustain a conviction.
Defendant contends that the trial court during the sentence proceeding incorrectly allowed two police detectives to testify as to the details of his prior convictions because their testimony was hearsay. In reference to a 1971 New Jersey conviction for armed robbery, the trial court allowed the arresting detective to testify to the details of the crime which occurred in 1967. Also, a police officer was allowed to testify as to the details of a robbery and aggravated battery occurring in 1978 for which the defendant was convicted.
In the sentence proceeding, testimony about the details of a prior felony involving the use or threat of violence to the person is properly admitted. Section 921.141(1), Florida Statutes (1981), authorizing *608 the proceedings to determine the sentence, says:
Any such evidence which the court deems to have probative value may be received, regardless of its admissibility under the exclusionary rules of evidence, provided the defendant is accorded a fair opportunity to rebut any hearsay statements.
If the defendant is given a fair opportunity to rebut it, hearsay evidence is admissible in the penalty proceedings. As stated in Alvord v. State, 322 So.2d 533, 538-39 (Fla. 1975), cert. denied, 428 U.S. 923, 96 S.Ct. 3234, 49 L.Ed.2d 1226 (1976):
In the penalty proceedings certain types of evidence which may be inadmissible in a trial on guilt may be admissible and relevant to enable the jury to make an informed recommendation based on the aggravating and mitigating circumstances concerning the acts committed. In fact, one of the statutory mitigating circumstances is the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law. Fla. Stat. § 921.151(6)(f), F.S.A. There should not be a narrow application or interpretation of the rules of evidence in the penalty hearing, whether in regard to relevance or to any other matter except illegally seized evidence.
Contrary to defendant's argument, the trial court is not required to request a presentencing investigation in a capital case even though the defendant does not have a prior felony conviction. Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982); Hargrave v. State, 366 So.2d 1 (Fla. 1978), cert. denied, 444 U.S. 919, 100 S.Ct. 239, 62 L.Ed.2d 176 (1979); Thompson v. State, 328 So.2d 1 (Fla. 1976).
The trial court denied defendant's request for a psychiatric evaluation prior to the sentence proceeding. The trial court found the defense of insanity had not been raised and there was no indication or evidence that the defendant was incompetent. The court also found that the prior psychiatric evaluation had determined that the defendant was competent.
Section 921.141(6)(b), Florida Statutes (1981), states that a felony committed while defendant was under the influence of extreme mental or emotional disturbance is a mitigating factor.
Section 921.141(6)(f) states that if the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired, a mitigating factor arises.
We explained these mitigating factors in State v. Dixon, 283 So.2d 1, 10 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974), as follows:
Extreme mental or emotional disturbance is a second mitigating consideration, pursuant to Fla. Stat. § 921.141(7)(b), F.S.A., which is easily interpreted as less than insanity but more than the emotions of an average man, however inflamed.
* * * * * *
Mental disturbance which interferes with but does not obviate the defendant's knowledge of right and wrong may also be considered as a mitigating circumstance. Fla. Stat. § 921.141(7)(f), F.S.A. Like subsection (b), this circumstance is provided to protect that person who, while legally answerable for his actions, may be deserving of some mitigation of sentence because of his mental state.
After conviction and prior to the proceedings defendant requested that a psychiatric evaluation be made. The court pointed out that there was no defense of insanity, nor evidence offered which questioned the sanity or competency of the defendant. The defendant stated that he had been given a psychiatric evaluation at the bond hearing and that the evaluation was ordered by the judge. The defendant then testified that he had been in two mental institutions, Chattahoochee in Florida, and Coorsday Hospital in New Jersey. When the defendant testified to this, the psychiatric evaluation was produced. This evaluation was made February 3, 1978, and states that it was requested "because of defendant's previous alcoholism and mental hospital treatment."
*609 The state says that there is no indication that the defendant is insane or incompetent so the trial court properly denied the motion for a psychiatric examination, and cites as authority Stone v. State, 378 So.2d 765 (Fla. 1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980).
In Stone it appeared that the hospitalization occurred almost twenty years prior to the sentencing hearing. The reports furnished the trial judge in Stone stated that defendant was "mildly mentally defective" and that he had a "sociopathic personality without mental disease." Also, Stone made a statement which was admitted into evidence and he testified at the sentence proceedings. Upholding the death sentence, we said:
From these reports, his observation of the defendant, and the evidence produced in the case, the trial judge found that the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was not substantially impaired. In other words, the trial judge found no mitigating circumstances, so the death sentence was appropriate.
378 So.2d at 774.
Perri did not testify during the guilt proceeding and did not testify during the sentence proceeding. His only testimony was given to the judge for the purpose of stating that he had been in mental institutions. This should be enough to trigger an investigation as to whether the mental condition of the defendant was less than insanity but more than the emotions of an average man, whether he suffered from a mental disturbance which interfered with, but did not obviate, his knowledge of right and wrong. A defendant may be legally answerable for his actions and legally sane, and even though he may be capable of assisting his counsel at trial, he may still deserve some mitigation of sentence because of his mental state.
A video tape was made of the defendant at the time of his arrest and was introduced into evidence. Although defendant objects to the admissibility of this video tape, it is relevant to show that he was, at that time, under the influence of some mental or emotional disturbance. Considering all the circumstances it is our opinion that psychiatric evaluation should be made prior to the imposition of sentence.
Accordingly the judgment of guilty of murder in the first degree is affirmed. Also, the judgments of guilty of burglary and robbery are affirmed. However, the cause is remanded to the trial court for the purpose of conducting another sentence hearing before a jury empaneled for that purpose. A special jury should be empaneled to consider the evidence of aggravating and mitigating circumstances and make its recommendation to the trial court for proper sentencing pursuant to section 921.141, Florida Statutes (1981). Cf. Messer v. State, 330 So.2d 137 (Fla. 1976), cert. denied, 456 U.S. 984, 102 S.Ct. 2259, 72 L.Ed.2d 863 (1982).
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.