467 So.2d 692 (1985)
Carlos Luis ARANGO, a/k/a Luis Carlos Arango, Appellant,
v.
STATE of Florida, Appellee.
No. 64721.
Supreme Court of Florida.
January 31, 1985.
Rehearing Denied May 13, 1985.
*693 Sharon B. Jacobs of Chaykin, Karlan & Jacobs, Coral Gables, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., Miami, for appellee.
SHAW, Justice.
Arango, convicted of first-degree murder and sentenced to death, see 411 So.2d 172, appeals the denial of his amended motion for post-conviction relief, wherein he alleged a discovery violation under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Arango previously sought post-conviction relief in this Court. Arango v. State, 437 So.2d 1099 (Fla. 1983). He argued that the state withheld exculpatory evidence supporting his theory of defense that he and the victim were overpowered by three armed Latin males who murdered the victim and then escaped, one of them jumping off the bedroom balcony. Arango had told this story to detective Nieves at the scene and also had given similar testimony at trial, although stating that he did not know if one of the men left by way of the balcony.
Arango argued to this Court that he discovered long after his trial and direct appeal that a semi-automatic pistol was found under the balcony of his apartment the day following the crime and that it was turned over to the police investigating the murder. He further argued that the state committed a Brady violation in not producing the gun following his discovery requests which included:
3. Any physical evidence or witness statements which corroborate the Defendant's statements to Detective Diaz [sic] that other Latin males entered the apartment and committed the homicide.
The state argued that the pistol was not disclosed because it was unrelated to this case. We found that Arango had made a prima facie case requiring a hearing on the claimed Brady violation and remanded to the trial court for that purpose. Id. at 1104-05.
The parties stipulated that the matter could be determined upon a review of the entire record with the addition of deposition testimony and accompanying exhibits. The deposition testimony of Detective Young, the lead homicide investigator in the case, was that at the time of the investigation she was "relatively new in the section," that she did not and still does not think the pistol, found under Arango's balcony with some casings, was involved in the crime, but that her opinion had changed as to whether she should have informed the prosecutor about the pistol. She testified that she processed the pistol as part of her investigation surrounding the homicide. The gun registration admitted into evidence showed that the pistol was purchased from the Tamiami Gun Shop two days before the murder by one Antonio Garcia. The police could not find the listed address, so they assumed that it did not exist. A computer search turned out more than thirty persons with the same name. Apparently no further attempt was made to locate the owner.
The prosecutor testified that he would have informed the defense about the pistol had he known of its discovery and proximity to the homicide. The defense attorney testified that production of the gun would have affected his trial strategy.
Although the prosecutor did not personally suppress the evidence, the state may not withhold favorable evidence in the hands of the police, who work closely with the prosecutor. Smith v. Florida, 410 F.2d 1349 (5th Cir.1969). In Brady the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. at 1196-97. The *694 elements of a Brady violation that deny an accused a fair trial are "(a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence." Moore v. Illinois, 408 U.S. 786, 794-95, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972).
Present in the instant case is state suppression of evidence favorable to the defense following a defense request for disclosure. Although it may be a coincidence, the fact remains that the gun was recently purchased and located in a place that would support Arango's defense. Our final inquiry is whether the suppressed exculpatory evidence was material.
The applicable materiality standard depends upon one of three contexts in which the suppression occurred. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). In the first, where the prosecutor has knowingly used perjured testimony, the judgment must be set aside if "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." Id. at 103, 96 S.Ct. at 2397 (footnote omitted). The second situation, as in Brady, is where the defense has made a specific request for the evidence (Brady requested the extrajudicial statements of his accomplice). The judgment must then be set aside if "the suppressed evidence might have affected the outcome of the trial." Id. at 104, 96 S.Ct. at 2398. In the third situation, where the request is general ("all Brady material" or "anything exculpatory") or there has been no request at all, the judgment must be set aside if the suppressed evidence "creates a reasonable doubt that did not otherwise exist." Id. at 112, 96 S.Ct. at 2402. This latter standard is less strict than "demonstrating that newly discovered evidence probably would have resulted in acquittal," id. at 111, 96 S.Ct. at 2401 (footnote omitted), but requires a greater showing than the specific request standard.
There is no issue regarding the prosecutor's knowing use of perjured testimony in the present case. We therefore must determine whether the defense discovery request was general or specific under Agurs, wherein general requests were characterized as asking for "all Brady material" or "anything exculpatory." We find that the request in the present case is more akin to the Brady request, deemed specific in Agurs, as it gave the prosecutor "notice of exactly what the defense required." Moreover, we believe that if there is uncertainty concerning the characterization of a request, the materiality standard applicable to specific requests should be used. See Chaney v. Brown, 730 F.2d 1334, 1344 (10th Cir.1984) (citing King v. Ponte, 717 F.2d 635, 640 (1st Cir.1983) and United States ex rel. Marzeno v. Gengler, 574 F.2d 730, 736 (3d Cir.1978)).
The question then becomes whether the defense's access to the evidence of the recently purchased gun's discovery under the balcony might have affected the outcome of the trial. We make this determination mindful that the goal is "not punishment of society for misdeeds of a prosecutor [or the state] but avoidance of an unfair trial to the accused. Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." Brady, 373 U.S. at 87, 83 S.Ct. at 1197. "When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." Agurs, 427 U.S. at 106, 96 S.Ct. at 2399.
Bearing in mind the foregoing, we find that the state's suppression of the recently purchased gun's discovery, following Arango's specific request for evidence corroborating his statements that other Latin males entered his apartment and committed the crime, deprived him of a fair trial. We find that the outcome of the trial might have been affected. The prosecutor was able to argue to the jury that "nothing was kept from you, whatever we had is on the table," that Arango's testimony was "not real because it does not jive [sic] with the physical evidence" and, therefore, "does not create a reasonable doubt." We *695 find that due process requires retrial under these circumstances.[*]
We therefore reverse the trial court's denial of post-conviction relief, vacate the sentence of death, and remand to the trial court for a new trial.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., dissents.
NOTES
[*] If the pistol itself is unavailable at this late date, defense counsel should be allowed to inform the jury of the discovery and location of the pistol and the fact of its purchase two days before the murder.