478 So.2d 1176 (1985)
STATE of Florida, Appellant,
v.
Thomas Alvin CONNELL, Appellee.
No. 84-2092.
District Court of Appeal of Florida, Second District.
November 27, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellant.
Elliott C. Metcalfe, Jr., Public Defender, Sarasota, and Zollie S. Cowart, III, and P.A. Dubensky, Asst. Public Defenders, Bradenton, for appellee.
SCHEB, Judge.
The state filed a two count information charging defendant Thomas Connell with committing sexual battery and lewd and lascivious assault on his 13 year old stepdaughter. After a jury found defendant guilty of both counts, the trial court granted defendant a new trial. The state challenges that order. We have jurisdiction under Florida Rule of Appellate Procedure 9.140(c)(1)(C). We reverse.
Defendant's motion for new trial alleged that he was prejudiced in the preparation of his defense by the state's failure to provide him with taped statements made at a deposition of the young victim and her sister. The trial court held a hearing to determine whether the state's noncompliance with defendant's general discovery request was inadvertent or willful and whether it resulted in harm or prejudice to the *1177 defendant. After receiving additional memoranda from counsel, the trial judge found that the state's failure to disclose these statements was inadvertent. Nevertheless, the court concluded that this omission prevented the defendant from receiving a fair and impartial trial and ordered a new trial.
The statements at issue stem from a deposition taken by an assistant state attorney on September 15, 1983. On that date, defendant's two stepdaughters, ages 13 and 17, recalled the circumstances surrounding the defendant's sexual abuse of them. These statements were not turned over to the defendant until after his trial. In defendant's memorandum supporting his motion for new trial, counsel cited various portions of that deposition and counsel stated that, had the items been known at the time he began preparation of a defense, it would have "afforded defendant an opportunity to explore the factual basis for the incident and uncover the truth."
We recognize that a motion for a new trial is addressed to the sound discretion of the trial court. Nevertheless, before a judge should grant such a motion, it must appear that the error alleged by the defendant seriously affected the fairness of the trial. State v. Tresvant, 359 So.2d 524 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1375 (Fla. 1979). Thus, we begin by analyzing the relevant principles of law and their applicability to this case.
In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held that when a pretrial request for specific evidence has been made, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. at 1196. A companion rule is applicable where, as here, there is only a general request for exculpatory evidence. In this instance the test is whether the evidence withheld creates a reasonable doubt that did not otherwise exist. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); see also Herman v. State, 396 So.2d 222 (Fla.4th DCA 1981); Gosman v. State, 383 So.2d 1178 (Fla. 4th DCA 1980).
In Florida, the principles of Brady and Agurs have been codified in Florida Rule of Criminal Procedure 3.220. Subsection (a)(2) of that rule sets forth the discovery requirements of the prosecution where the defense makes a general request for exculpatory evidence. The rule requires that "as soon as practicable after the filing of the indictment or information the prosecutor shall disclose to the defense counsel any material information within the State's possession or control which tends to negate the guilt of the accused as to the offense charged." Fla.R.Crim.P. 3.220(a)(2).
Applying these standards to the instant case, we find that the trial court abused its discretion in ordering a new trial. First, none of the information contained in the September 15 deposition was exculpatory. Second, the information would not have materially assisted defendant in preparation of his defense. To the contrary, most of the statements given by defendant's two stepdaughters on September 15 were inculpatory of defendant. They described in detail defendant's sexual actions and made no reference to any circumstance which could possibly mitigate the defendant's culpability. Cf. Arango v. State, 467 So.2d 692 (Fla. 1985). Moreover, the stepdaughters' statements contained only insignificant inconsistencies from their previous statements. Thus, the discovery error did not in any way preclude the defendant from receiving a fair and impartial trial. See Antone v. State, 382 So.2d 1205 (Fla. 1980), cert. denied, 449 U.S. 913, 101 S.Ct. 287, 66 L.Ed.2d 141 (1980); Salvatore v. State, 366 So.2d 745 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979).
In its memorandum in response to defendant's motion for new trial the state pointed out that most of the items the defense claimed were contradictory were contained in at least one of the three prior *1178 depositions and statements to the police given by the stepdaughters. Defendant had all of these prior depositions and statements in his possession before trial. Moreover, the contradictions between the September 15 statements and the trial testimony also existed in regard to the other depositions. Thus, the defendant was aware of any disputed facts prior to the trial. We therefore reject defendant's argument that he was prejudiced by the nonavailability of any prior inconsistent statements.
Under Florida Rule of Criminal Procedure 3.600(b)(5) and (8), the court must grant a new trial where the prosecutor is guilty of misconduct, or where, for any cause not due to defendant's own fault, he did not receive a fair and impartial trial, "providing substantial rights of the defendant were prejudiced thereby." Fla.R. Crim.P. 3.600(b) (emphasis added). Although the state's failure to turn over the September 15 statements was improper, the defendant does not dispute the court's finding that it was inadvertent. Therefore, the prosecutor was not guilty of misconduct. Moreover, the record reveals that defendant's guilt is supported by substantial competent evidence. The state's failure to turn over the statements did not inject any reasonable doubt of that guilt or otherwise prejudice the substantive rights of the defendant so as to warrant a new trial.
Reversed and remanded.
RYDER, C.J., and CAMPBELL, J., concur.