497 So.2d 1161 (1986)
Luis Carlos ARANGO, a/K/a Carlos Luis Arango, Appellant,
v.
The STATE of Florida, Appellee.
No. 64721.
Supreme Court of Florida.
October 2, 1986.
Rehearing Denied December 22, 1986.
Sharon B. Jacobs of Sharon B. Jacobs, P.A., Miami, for appellant.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
The United States Supreme Court has entered an order[*] vacating Arango v. State, 467 So.2d 692 (Fla. 1985), and remanding it for further consideration in light of United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). We have jurisdiction, article V, section 3(b)(1), Florida Constitution.
Arango was convicted of first-degree murder and sentenced to death. We affirmed on direct appeal. Arango v. State, 411 So.2d 172 (Fla.), cert. denied, 457 U.S. 1140, 102 S.Ct. 2973, 73 L.Ed.2d 1360 (1982). Arango sought post-conviction relief, arguing that he discovered, after trial and direct appeal, that a pistol had been found under the balcony of his apartment and turned over to the police; that the pistol was exculpatory evidence supportive of his defense that three armed Latin males overpowered him and the victim and then escaped, one jumping off the bedroom balcony. We reversed the trial court's denial of relief, finding that Arango had stated a prima facie case of a discovery violation under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 11, 4, 10 L.Ed.2d 215 (1963), and remanded to the trial court for a hearing on the claimed Brady violation. Arango v. State, 437 So.2d 1099 (Fla. 1983).
The trial court again denied relief. This Court reversed the trial court's denial, vacated the death sentence, and remanded to the trial court for a new trial. We found that the state had suppressed evidence favorable to the defense following a specific defense request for disclosure, that the suppressed exculpatory evidence was material *1162 in that it might have affected the outcome of the trial, see United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), and that, in fact, Arango was deprived of a fair trial. "The prosecutor was able to argue to the jury that `nothing was kept from you, whatever we had is on the table,' that Arango's testimony was `not real because it does not jive [sic] with the physical evidence' and, therefore, `does not create a reasonable doubt.'" Arango, 467 So.2d at 694. We found that due process required a new trial under the circumstances  suppressed exculpatory evidence coupled with the foregoing prosecutorial argument to the jury.
In Bagley the Court held that "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Id. 105 S.Ct. at 3384 (Blackmun, J.), 105 S.Ct. at 3385 (White, J., concurring in part and concurring in judgment). "A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. 105 S.Ct. at 3384.
Applying the Bagley test of materiality, we are satisfied that we reached a correct conclusion in Arango v. State, 467 So.2d 692 (Fla. 1985). Our review of the record convinces us that there is a reasonable probability that had the suppressed evidence been disclosed to the defense, the results of the proceedings would have been different. Having reconsidered the case in light of the United States Supreme Court mandate, we remand to the trial court for a new trial.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, SHAW and BARKETT, JJ., concur.
EHRLICH, J., dissents.
NOTES
[*] ___ U.S. ___, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985).