JORGENSON, Judge,
specially concurring.
I agree that an affirmance is in order and that no Brady violation occurred. The appellant, Roger Dean Lewis, cites the failure of the state to share with him statements made by police officers in 1981 at the pretrial confession of Anthony J. Fernandez, a co-perpetrator of the crime for which Lewis was convicted. According to Fernandez the officers made statements to the effect that, “We don’t want you.... We want [Lewis].” This information came to light in 1984 when Fernandez gave a sworn statement to Lewis’s counsel informing him of the officers’ statements. Lewis contends that this information was material because the statement by the police to Fernandez indicated Fernandez had a motive to falsify his testimony and Fernandez had provided the only direct evidence linking Lewis with the crime. Lewis claims, therefore, that the withholding of this information violated Brady and entitles him to post-conviction relief.
On these facts, the mandate of Brady has not been violated.[1] A violation of Brady occurs only when the pertinent evidence is (1) suppressed, (2) favorable, and (3) material. The discovery omission alleged by Lewis does not fulfill two of the three prongs of the test for a Brady violation. While the evidence at issue here is arguably favorable, it neither was suppressed within the meaning of Brady nor is material under the facts of this case.
The state did not “suppress” the statement made by the officers. Evidence is not suppressed within the meaning of Brady if the defendant knew or should have known of the essential facts which would permit him to take advantage of the favorable evidence. United States v. Torres, 719 F.2d 549, 555 (2d Cir.1983); United States v. LeRoy, 687 F.2d 610, 618 (2d Cir.1982), cert. denied, 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983). “This is especially true where a defendant and the state have the same access to the sought-after information.” James v. State, 453 So.2d 786, 790 (Fla.), cert. denied, 469 U.S. 1098, 105 S.Ct. 608, 83 L.Ed.2d 717 (1984).
In the instant case Lewis had ample opportunity to discover and take advantage of the evidence. Before trial, Lewis deposed Fernandez about Fernandez’s confession which implicated Lewis. At that time or thereafter, Lewis could have, and should have, questioned Fernandez about the circumstances surrounding Fernandez’s confession, including any police statements made to Fernandez. “Brady does not require the government to turn over information which, ‘with any reasonable diligence [the defendant] can obtain himself.’ ” Halliwell v. Strickland, 747 F.2d 607, 609 (11th Cir.1984) (quoting Jarrell v. Balkcorn, 735 F.2d 1242, 1258 (11th Cir.1984), cert. denied, 472 U.S. 1011, 105 S.Ct. 2711, 86 L.Ed.2d 726 (1985)).
Lewis also deposed the supervising officer and could have deposed the other three officers who were more directly involved in the questioning of Fernandez. All four of *1164 the officers were listed as potential state witnesses who had information material to the crime. The witness list was furnished to the defendant, affording him the opportunity to obtain the information from Fernandez or the officers. “ ‘[N]o intelligent concept of fairness has ever been advanced which would require one side of a judicial controversy to prepare the case for his adversary, or to furnish such adversary with evidence favorable to him when such evidence is otherwise reasonably avail-able...'" State v. Crawford, 257 So.2d 898, 899 (Fla.1972) (quoting with approval State v. Gillespie, 227 So.2d 550, 553 (Fla. 2d DCA 1969)); see State v. Counce, 392 So.2d 1029 (Fla. 4th DCA 1981); Floyd v. State, 361 So.2d 802 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1366 (Fla.1979). Lewis may not lament his own dissatisfaction with his pretrial strategies under the guise of assigning culpability to the state. Because the evidence was equally available to Lewis, it is apparent that no suppression existed.
Brady also requires that the evidence in question be material. The evidence here is not. Evidence is “material” only if the “omission is of sufficient significance to result in the denial of the defendant’s right to a fair trial,” United States v. Agurs, 427 U.S. 97, 108, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342, 352 (1976); James v. State, 453 So.2d at 789, or, stated differently, only if “there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different,” United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 3384-85, 87 L.Ed.2d 481, 494-95 (1985).
The so-called “new evidence” which was revealed by Fernandez’s 1984 statement cannot meet these tests. The information was not that significant, and there was no reasonable probability that the result would have been different. In his 1984 statement, Fernandez neither recants nor contradicts his 1981 confession or his trial testimony. He simply says the officers told him they did not want him, they wanted Lewis. Lewis argues that if he had known of the officers’ statements he could have more thoroughly impeached Fernandez by showing he had a motive to lie. While Brady does encompass impeachment evidence as well as exculpatory evidence, Bagley, 473 U.S. at-, 105 S.Ct. at 3380, 87 L.Ed.2d at 490; Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104, 108 (1972), the evidence still must be material. Granted, the statements could have been used to impeach Fernandez further. However, Fernandez had already been effectively impeached at trial with inconsistencies in his story. The jury was also aware that Fernandez had made an agreement with the state to testify against Lewis and plead guilty in exchange for a twenty-year sentence. Impeachment by use of the statements made by the officers would have been merely cumulative.[2]
Contrary to Lewis’s assertion that Fernandez furnished the only direct evidence linking Lewis with the crime, there was credible expert testimony by a handwriting examiner which established that Lewis had signed a motel registration card and, consequently, placed Lewis at the scene of the crime. It is clear that Lewis was not deprived of a fair trial because, even if the additional information had been used by the defense, there is no reasonable proba *1165 bility that the result of the proceeding would have been different.
This Rule 3.850 motion came before the judge who had presided at Lewis’s trial. The judge was therefore in an advantageous position to assess the possible impact that divulgence of the police statement would have had on Lewis’s situation. Following a review of the trial record, the trial judge correctly determined that Lewis had failed to state a claim for post-conviction relief. As a matter of law this record is insufficient to warrant an evidentiary hearing or other relief. The statement made by Fernandez in 1984 regarding the officers’ comments made to him in 1981 leaves the basic facts in this case unaltered — Fernandez and Lewis committed an armed robbery which resulted in serious injury to the victim. No Brady violation occurred and, therefore, I too would affirm the trial court’s summary denial of Lewis’s Rule 3.850 motion.

. Lewis also wrongly claims a Florida Rule of Criminal Procedure 3.220(a)(2) violation. The principles expressed in Brady and United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), are codified in Rule 3.220(a)(2), and. thus, the determination that no Brady violation occurred disposes of this claim as well. State v. Connell, 478 So.2d 1176 (Fla. 2d DCA 1985); Gosman v. State, 383 So.2d 1178 (Fla. 4th DCA 1980).

. In Francis v. State, 473 So.2d 672 (Fla.1985), cert. denied, — U.S. -, 106 S.Ct. 870, 88 L.Ed.2d 908 (1986), a defendant alleged a due process violation through the state’s failure to disclose the exact details of how a state’s witness was to be rewarded for her testimony against the defendant. The court found no due process violation where it had been made clear to the jury that the witness had made a deal with the state and was testifying to promote her own self-interest. The court considered the error harmless in view of the overwhelming evidence of the defendant’s guilt independent of the witness's testimony.
The argument advanced by Lewis is similarly defective in stating a constitutional violation. The jury was fully apprised that Fernandez had turned state’s witness in return for consideration by the state. As in Francis, there was other evidence of Lewis's guilt apart from Fernandez’s testimony.