DOWNEY, Judge.
Appellant, Franklin, was convicted of robbery of Joseph Randall on October 8, 1983. On that date the evidence showed that, as Randall was leaving a grocery store a woman and several companions, including appellant, requested a ride. Appellant was seated behind Randall and, when they arrived at the passengers’ destination, Randall asked them to get out. Whereupon appellant grabbed Randall around the neck, punched him, and Randall gave up his wallet and fled. Appellant and the others took his car.
On appeal, appellant contends the trial court erred in allowing the state to use hearsay evidence against appellant; that the court made impermissible comments in the presence of the jury, and that he had ineffective assistance of counsel.
We fail to find the referenced hearsay evidence in the record. Furthermore, the court’s comments complained about were not objected to at trial and so not preserved, nor do they constitute fundamental error. Finally, appellant’s contention that his trial counsel was ineffective cannot be raised for the first time on direct appeal. Perri v. State, 441 So.2d 606 (Fla.1983).
The court requested counsel to submit supplemental briefs directed to the sentence imposed upon appellant. Those briefs showed that the guidelines sentence range involved here was nine to twelve years. However, the trial court sentenced appellant as an habitual offender to thirty years in prison. The written reasons therefor were:
The victim suffered physical injury and emotional trauma. The defendant’s criminal history demonstrates the need to protect the public. The defendant is a habitual offender.
In Whitehead v. State, 498 So.2d 863 (Fla.1986), decided since the trial judge sentenced appellant, the supreme court held that the habitual offender statute cannot be used to depart from the sentencing guidelines. Furthermore, some of the court’s other reasons are not clear and convincing reasons for departure.
Accordingly, the judgment of conviction is affirmed and the sentence appealed from is reversed and the cause is remanded to the trial court for resentencing according to law.
AFFIRMED IN PART; REVERSED IN PART; and remanded with directions.
ANSTEAD and GUNTHER, JJ., concur.