JOANOS, Judge.
Appellant seeks review of the summary denial of his motion for post-conviction relief, and has filed a motion with this court for appointment of counsel. As ground for relief, appellant alleges the state knowingly withheld exculpatory evidence which was relevant to his defense at trial. We reverse, and remand with directions.
On September 20, 1978, a jury found appellant guilty of two counts of sexual battery upon a child. Appellant was sentenced to serve two concurrent life sentences. The convictions and sentences were affirmed in Boshears v. State, 371 So.2d 725 (Fla. 1st DCA 1979).
On November 2, 1979, appellant filed his first motion for post-conviction relief. The denial of that motion was affirmed by this court on October 8, 1980. On November 17, 1986, appellant filed the rule 3.850 motion which is the subject of this appeal. In an order entered November 25, 1986, the trial court denied the motion as legally insufficient on its face.
In the motion which is now before this court, appellant alleges that he recently came into possession of a report which was withheld by the prosecutor at the time of the investigation and trial of this case. The report was prepared by Investigating Officer Ira J. Carter, and details the officer’s interview with Dr. Mark Wayne Morris, who examined the victim. Appellant states that he obtained the report through the efforts of a private investigator acting on appellant’s behalf. According to appellant, the state’s answer to his demand for discovery erroneously identified the examining physician as Dr. Welty. Appellant alleges this error prevented defense counsel from obtaining material that contained evidence which was both exculpatory and useful for impeachment purposes. A copy of the report and letters from the private investigator who located the report were appended to appellant’s motion, together with a copy of the state’s answer to the defense discovery demand.
This court requested the state to file a brief responding to the allegations of appellant’s motion. In response, the state ob *723 serves that its form response to demand for discovery listed Deputy Sheriff Ira J. Carter as a person having information relevant to the defense. The state argues, therefore, that appellant’s motion on its face clearly demonstrates there was no discovery violation and concomitantly, appellant is entitled to no relief. We disagree.
The following provisions of Florida Rule of Criminal Procedure 3.220(a)(1) are relevant to this case:
(a) Prosecutor’s Obligation.
(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State’s possession or control:
(i) The names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.
(ii) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term “statement” as used herein means a written statement made by said person and signed or otherwise adopted or approved by him, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the State and recorded contemporaneously with the making of such oral statement....
[[Image here]]
(x) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.
Should the prosecutor fail to comply with a defense request for information favorable to the defense, a violation of due process occurs only if the evidence is material to the defendant’s guilt or punishment. United States v. Bagley, 473 U.S. 667, 677-78, 105 S.Ct. 3375, 3381, 87 L.Ed.2d 481, 491 (1985); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In Bagley, the Court held the government’s failure to disclose information that might have been helpful in conducting cross examination is reversible error “only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial.” 473 U.S. at 678, 105 S.Ct. at 3381, 87 L.Ed.2d at 491. The Court explained that—
The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A “reasonable probability” is a probability sufficient to undermine confidence in the outcome.
Bagley, 473 U.S. at 682, 105 S.Ct. at 3384, 87 L.Ed.2d at 494.
In Arango v. State, 497 So.2d 1161 (Fla.1986), the defendant sought post-conviction relief, alleging as has appellant herein, that he discovered after trial and after appeal that the police were in possession of exculpatory evidence supportive of his defense. The supreme court found the state had suppressed evidence favorable to the defense after a specific request for disclosure, and that the suppressed exculpatory evidence was material since it might have affected the outcome. The supreme court’s reversal of the trial court’s denial of relief was remanded by the United States Supreme Court for reconsideration in light of United States v. Bagley. On remand, and after application of the Bagley materiality test, the Florida Supreme Court again concluded there was a reasonable probability that the results of the proceedings would have been different if the suppressed evidence had been disclosed to the defense. Accordingly, the case was remanded to the trial court for a new trial.
In the instant case, appellant contends the state knowingly withheld an investigative report which sets forth the particulars of an interview with the examining physician. According to appellant, the victim *724 testified that she had been penetrated for almost fifteen minutes. However, the medical examination indicated there had been no penetration of the sexual organ. Appellant’s contention is supported by the supplementary general incident report prepared by Investigating Officer Carter. This report states, in part, that “the sexual offense as related to [Dr. Morris] involved no penetration of the sexual organ and his examination found no evidence of trauma that would indicate damage to the vagina.”
Accepting as true appellant’s allegations concerning the victim’s testimony, it appears that the investigative report could have provided defense counsel with evidence which was to some degree exculpatory.[1] In addition, the report would have afforded counsel the means to challenge the victim’s credibility. We find no merit in the state’s contention that listing a witness pursuant to Florida Rule of Criminal Procedure 3.220(a)(l)(i) constitutes compliance with the defense discovery request. In advancing this argument, the state has not explained its failure to comply with subdivision (ii) of the rule which requires disclosure of any statements, or its failure to comply with subdivision (x) of the rule, which requires disclosure of reports made by experts.
Without addressing the discrepancy between the victim’s testimony, as set forth in appellant’s motion, and the results of the medical examination, the trial court denied relief on the basis of legal insufficiency. Although the trial court attached a copy of the judgment and sentence to the order denying relief, the attached document does not show conclusively that appellant is entitled to no relief, as required by rule 3.850. Based on the motion and the state’s response thereto, we conclude that if the allegations of the motion are true and correct, there is a reasonable probability that the result of the proceedings could have been different if the report detailing the interview with the examining physician had been disclosed to the defense. Accordingly, we reverse the order denying the motion for post-conviction relief, and remand to the trial court for further proceedings as provided by Florida Rule of Criminal Procedure 3.850. As a final note, we deny appellant’s motion for appointment of counsel, without prejudice to appellant’s right to file an appropriate motion in the trial court.[2]
Accordingly, this cause is reversed and remanded for proceedings consistent with this opinion.
WIGGINTON and ZEHMER, JJ., concur.

. Where, as in the instant case, a motion for post-conviction relief is denied without an evi-dentiary hearing, the factual allegations must be treated as true to the extent that they are not conclusively rebutted by the record. Harich v. State, 484 So.2d 1239, 1241 (Fla.1986), cert. denied, Harich v. Wainwright, — U.S. -, 106 S.Ct. 2908, 90 L.Ed.2d 993 (1986).

. See Fla.R.Crim.P. 3.111.