PER CURIAM.
Thomas Perri appeals the trial court’s denial of his motion for post-conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. As the basis for relief Perri alleges that the State failed to disclose significant impeachment evidence as to its key witness. We disagree that the impeachment evidence was significant, and therefore affirm.
Perri was convicted of first-degree murder and related charges of robbery and burglary in 1978, and was sentenced to death. On direct appeal, the Supreme Court of Florida reversed the death sentence and remanded for a new sentencing proceeding. Perri v. State, 441 So.2d 606 (Fla.1983). Perri’s rule 3.850 motion was presented to the trial court for consideration prior to resentencing.
At the conclusion of the evidentiary portion of the proceedings, the State acknowledged that it had failed to disclose the fact that its key witness at Perri’s trial, Steven Weiss, a co-perpetrator of the crimes, had pending at the time of Perri’s trial a motion to mitigate his negotiated sentence. Weiss’s attorney had agreed with the State to reschedule Weiss’s motion to mitigate until after Perri’s trial. For that reason, Perri complains he could not impeach Weiss with evidence that Weiss’s sentence could be further reduced in exchange for his testimony.
At trial, Weiss was the subject of substantial impeachment evidence as someone guilty of the same offense, motivated to testify only to save himself. The jury was already aware that Weiss had made a good deal with the State, in the form of a reduced sentence, in exchange for his testimony against Perri. Applying the Bagley[1] test of materiality, it is not shown within a *1349 reasonable probability that the failure to disclose Weiss’s new deal with the State “undermine[d] confidence in the outcome” of Perri’s trial. The State presented other overwhelming evidence of Perri’s guilt of the gruesome murder, including his fingerprints inside the victim’s house and strands of his hair in the victim’s bathroom.
On these facts, we find no discovery violation under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), because it cannot be said that the result of Perri’s trial probably would have been different if the impeachment evidence regarding Weiss’s pending motion to mitigate a negotiated sentence had been disclosed. United States v. Bagley. Cf. Arango v. State, 497 So.2d 1161 (Fla.1986) (where the court, using a Brady/Bagley analysis, held that reasonable probability existed that had a pistol found at the murder scene been disclosed to the defense, the results of the murder prosecution would have been different).
Affirmed.

. United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).