fairly be presumed to recognize the utility of such information to the defense. The only way a prudent prosecutor could ensure sustaining a conviction under the rule applied below is to open to the defense all files—including those files that deal with ongoing investigations into alleged accomplices. In *Agurs*, this Court explicitly held that this was not constitutionally required.

## IV

The Court of Appeals opinion highlights a conflict in the courts, and raises broad issues worthy of this Court's attention. I would grant the petition for a writ of certiorari.

No. 84–5399. NEAL *v.* MISSISSIPPI. Sup. Ct. Miss.;

No. 84–5609. GREEN *v.* ZANT, SUPERINTENDENT, GEORGIA DIAGNOSTIC AND CLASSIFICATION CENTER. C. A. 11th Cir.;

No. 84–5613. HILL *v.* ALABAMA. Sup. Ct. Ala.;

No. 84–5642. ROOK *v.* NORTH CAROLINA. Gen. Ct. Justice, Super. Ct. Div., Wake County, N.C.; and

No. 84–5672. JAMES *v.* FLORIDA. Sup. Ct. Fla. Certiorari denied. Reported below: No. 84–5399, 451 So. 2d 743; No. 84–5609, 738 F. 2d 1529; No. 84–5613, 455 So. 2d 938; No. 84–5672, 453 So. 2d 786.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

▮▮▮▮▮▮▮

No. 84–5324. BROWN *v.* NEWSOME, WARDEN, ET AL., *ante*, p. 919; and

No. 84–5450. IN RE HARRIS, *ante*, p. 915. Petitions for rehearing denied.

DECEMBER 11, 1984

▮▮▮▮▮▮▮

No. A–445. STEPHENS *v.* KEMP, SUPERINTENDENT, GEORGIA DIAGNOSTIC AND CLASSIFICATION CENTER. Application for stay of execution of sentence of death, presented to JUSTICE POWELL, and by him referred to the Court, denied. JUSTICE BLACKMUN