No. 84–5609 (A–503).   GREEN *v.* ZANT, SUPERINTENDENT, GEORGIA DIAGNOSTIC AND CLASSIFICATION CENTER, *ante,* p. 1098.   Application for stay of execution of sentence of death, presented to JUSTICE POWELL, and by him referred to the Court, denied.   Petition for rehearing denied.   JUSTICE BLACKMUN and JUSTICE STEVENS dissent and would grant the application for stay

of execution pending the ultimate resolution of the cases now pending in the United States Court of Appeals for the Eleventh Circuit and cited in JUSTICE BRENNAN's dissent, immediately *post*. JUSTICE POWELL took no part in the consideration or decision of this application and petition.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976) (BRENNAN, J., dissenting), I would grant the application for a stay of execution. But even if I believed otherwise, I would at the very least stay this impending execution pending the outcome of related cases now before the Court of Appeals for the Eleventh Circuit.

In his petitions for state and federal habeas relief, the applicant Roosevelt Green, Jr., has unsuccessfully requested evidentiary hearings to substantiate his allegation that he received the death penalty pursuant to a pattern and practice of racial discrimination in the administration of Georgia's capital sentencing system. The Eleventh Circuit en banc is currently considering three cases that present the *identical* issue and turn on the *identical* statistical evidence. See, *e. g.*, *Ross* v. *Hopper*, 716 F. 2d 1528 (1983), rehearing en banc granted, 729 F. 2d 1293 (1984); *Spencer* v. *Zant*, 715 F. 2d 1562 (1983), reconsideration en banc stayed, 729 F. 2d 1293 (1984); *McCleskey* v. *Zant*, 580 F. Supp. 338 (ND Ga.), hearing en banc granted, 729 F. 2d 1293 (1984). As I argued in November in my dissent in *Stephens* v. *Kemp*, *ante*, at 1058—a case that also hinged on the claims and evidence instantly at issue—"there is at the very least a substantial question whether [the petitioner's] fate should be governed by the outcome of the consolidated cases that are now pending before the Eleventh Circuit en banc . . . ." Because "a person should not be executed while the constitutionality of his sentence is in doubt," *Stephens* v. *Kemp*, *ante*, at 1099 (BRENNAN, J., dissenting), I would accordingly stay Green's execution pending the ultimate resolution of *Ross*, *Spencer*, and *McCleskey*.