516 So.2d 790 (1986)
Phillip Wayne TOMLIN
v.
STATE.
1 Div. 23.
Court of Criminal Appeals of Alabama.
January 7, 1986.
Rehearing Denied June 10, 1986.
James H. Lackey, Mobile, for appellant.
Charles A. Graddick, Atty. Gen., and Joseph G.L. Marston, Asst. Atty. Gen., for appellee.

ON RETURN TO REMAND ON REHEARING
TAYLOR, Judge.
Our original opinion on return to remand is withdrawn and this corrected opinion is to be substituted for that issued on November 12, 1985.
In the opinion of this court, written by Judge Bookout, filed November 20, 1979, this court held that certain aggravating circumstances found by the trial court in its order were not aggravating circumstances as defined in § 13-11-6, Code of Alabama 1975. See, Tomlin v. State, 443 So.2d 47 (Ala.Cr.App.1979), aff'd, 443 So.2d 59 (Ala.1983). This court further found that as to another aggravating circumstance, the trial court was required to set out the basis of such a finding. This court further found that to negate one of the mitigating circumstances the trial court was called upon to determine whether the appellant had a "significant history of prior criminal activity," as that phrase has been employed. This court further noted that the trial court's order did not contain a statement of the "findings of fact from the trial" as required by § 13-11-4, Code of Alabama 1975. The court concluded:
"[D]ue to the deficiencies in the sentencing order, this cause must be remanded *791 with directions that the trial court's order be extended to include findings of fact from the trial and sentence hearing and for a correction of aggravating and mitigating circumstances as defined by the statute and that such be transmitted to this court in answer to the instant remand."
In response to this order, the very able trial judge prepared and issued a document styled "Sentencing Findings and Order," which is contained in the transcript and which is set out as an appendix to this extended opinion.
We find that the actions of the trial court fully and completely comply with this court's instruction.
We must now determine whether the death sentence is appropriate.
Although this crime occurred prior to the effective date of the new criminal code, we have previously reviewed the propriety of the imposition of a death penalty as required by § 13A-5-53(a), Code of Alabama 1975. Baldwin v. Alabama, 456 So. 2d 117 (Ala.Cr.App.1983), aff'd, 456 So.2d 129 (Ala.1984), aff'd, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985). Our review must include a determination of the following questions:
(1) Was any error adversely affecting the rights of the defendant made in the sentence proceedings?
(2) Were the trial court's findings concerning the aggravating and mitigating circumstances supported by the evidence?
(3) Was the death penalty the proper sentence in this case?
As to the first question, we have reviewed the sentence proceedings and have found no error adversely affecting the defendant's rights. As to the second question, we have reviewed the record and are satisfied that the trial court's written findings concerning the aggravating and mitigating circumstances are fully supported by the evidence.
To answer the third question, whether the death penalty was properly imposed in this case, we must determine:
"(1) Whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor;
"(2) Whether an independent weighing of the aggravating and mitigating circumstances at the appellate level indicates that death was the proper sentence; and
"(3) Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant."
Alabama Code § 13A-5-53(b) (1975); see also Beck v. State, 396 So.2d 645 (Ala. 1981).
There is nothing in the record before us which even intimates that the death penalty was imposed under the influence of passion, prejudice, or any other arbitrary factor.
Our independent weighing of the aggravating and mitigating circumstances leaves us with no doubt that the death penalty was appropriate in this case. The mitigating circumstances did not outweigh the aggravating circumstances. There was one statutory aggravating circumstance, that the "capital felony was especially heinous, atrocious or cruel." Code of Alabama 1975, § 13-11-6(8). There was no statutory mitigating circumstance. Finding none of the claims of the nonstatutory mitigating circumstances raised by appellant to have merit, we find that the mitigating circumstances did not outweigh the aggravating circumstances and that the death penalty was appropriate in this case. We agree with the trial court's finding that "[e]ven if every mitigating factor, claimed by the Defendant or suggested in any fashion by this case, were to be found by the Court, it would be more than counter-balanced by the other facts in this case."
In regard to the final determination this court must make, we find that the death penalty imposed on the defendant is not excessive or disproportionate to the penalty imposed in similar cases. See, e.g., Hill v. State, 455 So.2d 930 (Ala.Cr.App.), aff'd, 455 So.2d 938 (Ala.), cert. denied, 469 U.S. 1098, 105 S.Ct. 607, 83 L.Ed.2d 716 (1984). *792 We have searched the record, as required by Rule 45A, A.R.A.P., and have found no error which adversely affected the rights of the defendant. The sentence of death was proper in this case. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
EXTENDED OPINION ON RETURN TO REMAND WITHDRAWN; OPINION SUBSTITUTED;
JUDGMENT AFFIRMED.
All the Judges concur.

APPENDIX

STATE OF ALABAMA, PLAINTIFF,

VS.

PHILLIP WAYNE TOMLIN, DEFENDANT.

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

CASE NO. CC-77-001396

CAPITAL FELONY

SENTENCING FINDINGS AND ORDER
Following the jury's verdict finding the Defendant guilty of capital felony as charged in the indictment, this Court on, to wit, November 30, 1978, conducted a sentence hearing pursuant to Section 13-11-3, Code of Alabama, 1975.[*] After considering the evidence presented at trial and the matters presented at the sentencing hearing, this Court, on December 8, 1978, set the Defendant's sentence at death. On appeal, the Court of Criminal Appeals of Alabama affirmed the Defendant's conviction but remanded the cause for extension of the sentencing order by including findings of fact from the trial and sentence hearing and correction of the aggravating and mitigating circumstance findings. Tomlin v. State, 443 So.2d 47, 59 (Ala.Cr.App.,1979); affirmed 443 So.2d 59 (Ala.,1983); cert. den. [466] U.S. [954] [80] L.Ed.2d [545] [104] S.Ct. [2160], 52 U.S.L.Wk. 3776 (1984).
Now, this cause coming on for extension and correction of the sentencing order, pursuant to the mandate of the Court of Criminal Appeals, the Court, after consideration of the trial evidence and the matters presented at the sentence hearing and after a review of the transcript of the same, makes the following:

I.

GENERAL FINDINGS OF FACT
The Court hereby finds that the following were facts proven beyond a reasonable doubt by the evidence at trial, and the Court hereby finds them as facts in this case.
A. On November 25, 1975, the Defendant's younger brother, David Tomlin, was killed as the result of the accidental discharge of a shotgun in an incident involving the said David Tomlin and one Richard Brune.
B. On March 19, 1976, the Defendant made a statement to a Texas state police officer, who was acting undercover, that he (the Defendant) had to return to Mobile to kill the person who had caused David Tomlin's death.
C. On January 1, 1977, the Defendant and one Ron Daniels, both of whom lived in Houston, Texas, flew from Houston to New Orleans, Louisiana and from there traveled by automobile to Mobile.
D. The said Ron Daniels had no personal interest in Richard Brune, Cheryl Moore or their deaths.
E. On arrival, the Defendant stated that he and Daniels had come to Mobile to kill Richard Brune, and the defendant introduced Ron Daniels as a "hit man." The court finds that Ron Daniels was a hired or contract killer, one who murdered pursuant to a contract or for hire, and the Court finds that the Defendant knew this.
*793 F. The Defendant had owned a .38 caliber Smith and Wesson revolver and a 16 gauge shotgun as early as May 30, 1975. On their arrival in Mobile on January 1, 1977, the Defendant and Daniels had in their possession a .38 caliber pistol, a .44 caliber pistol and a 16 gauge shotgun.
G. On January 2, 1977, the Defendant and Daniels were observed driving a 1968 Ford which belonged to the Defendant's sister. This car was observed at the scene of the homicides just minutes before they occurred and was found at New Orleans International Airport on January 29, 1977. Although it was never reported stolen, the automobile had been in the airport parking lot since January 2, 1977.
H. At sometime between 5:00 p.m. and 5:30 p.m., January 2, 1977, David Brune and Cheryl Moore were killed by numerous gunshot wounds inflicted on them from the back seat of Brune's automobile, while said vehicle was parked on a ramp of I-10 in Mobile County, Alabama. The wounds were inflicted by a .38 caliber Smith and Wesson pistol and a 16 gauge shotgun. The wounds inflicted on David Brune and Cheryl Moore were of such a nature that they involved mutilation and pain prior to death. At the time of his death Richard Brune was 19 years of age; at the time of her death, Cheryl Moore was 15 years of age. The victims still had their money on their persons, when their bodies were found.
I. The Court finds that the persons who murdered Richard Brune and Cheryl Moore were the Defendant and Ron Daniels.
J. The Court finds that the killings of Richard Brune and Cheryl Moore were intentional, the killing of Richard Brune having been planned for at least nine months.
K. The Court finds that the killing of Richard Brune and Cheryl Moore and each of them was unlawful, intentional, malicious and premeditated.
L. The Court finds that Richard Brune and Cheryl Moore died by a series of acts, namely gunshots.
M. The Court finds that in murdering Richard Brune and Cheryl Moore, Ron Daniels was acting pursuant to a contract or for hire.
N. The Court finds that at the time they murdered Richard Brune and Cheryl Moore, the Defendant and Ron Daniels were both present and acting in concert with each other.
O. After murdering Richard Brune and Cheryl Moore, the Defendant and Ron Daniels drove the Defendant's sister's automobile to New Orleans International Airport, arriving there at 8:08 p.m. January 2, 1977. They then returned to Houston on Eastern Airlines flight 569.
P. Based on the records of this Court, the Court finds that on August 7, 1979, Ron Daniels was sentenced to death for his participation in this crime. State v. Daniels, Cir.Ct.Mobile Co., # CC 78-622.
Q. The Court hereby finds that the Defendant did in fact commit murder in the first degree in which two human beings, Richard Brune and Cheryl Moore, were intentionally killed by the Defendant by one or a series of acts as charged in counts 1 and 3 of the indictment. In addition, the Court finds that the surplus allegation "... that the said killings were especially heinous, atrocious or cruel....", was proven beyond a reasonable doubt as more particularly appears below in part II, hereof.
R. The Court does not find that the Defendant himself received any compensation for the murders of Richard Brune and Cheryl Moore, so the Court does not find that the Defendant himself was a hired or contract killer. However, as stated in paragraph "M", above, the Court finds that in murdering Richard Brune and Cheryl Moore, Ron Daniels acted pursuant to a contract or for hire. As stated in paragraph "N", above, the Court finds that the Defendant and Ron Daniels were both present and acting in concert when they murdered Richard Brune and Cheryl Moore. The Court finds that the Defendant, by reason of his active and knowing participation in the murders of Richard Brune and Cheryl Moore with Ron Daniels, whom the Defendant knew to be a hired or contract killer (See paragraph "E", above), was an accomplice of Ron Daniels in murder *794 in the first degree pursuant to a contract or for hire. Therefore, the Court finds that the Defendant is guilty of murder in the first degree pursuant to a contract or for hire as charged in count 2 of the indictment.

II.

AGGRAVATING CIRCUMSTANCES
As to aggravating circumstances as set out in Section 13-11-6, Code of Alabama, 1975, the Court makes the following findings:
A. The Court does not find that the Defendant was under a sentence of imprisonment at the time of the capital crime.
B. The Court does not find that the Defendant had been previously convicted of another capital felony or a felony involving the use or threat of violence to the person.
C. The Court does not find that the Defendant knowingly created a great risk of death to many persons, other than the two victims of his crime.
D. The Court does not find that the capital felony was committed while the Defendant was in any way involved in any of the crimes specified in Section 13-11-6(4), Code of Alabama, 1975.
E. The Court does not find that the capital felony was committed for the purpose of avoiding or preventing arrest or effecting escape from custody.
F. The Court does not find that the capital felony was committed for pecuniary gain to this Defendant. However, this statement is not intended to impinge the Court's finding in Section I(R), above, that the Defendant was the accomplice of Ron Daniels in murder in the first degree pursuant to a contract or for hire.
G. The Court does not find that the capital felony was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of the laws.
H. The Court finds that the capital felony was especially heinous, atrocious and cruel. This finding is based on the following considerations separately and severally:
1. The Court adopts the following language of the Alabama Supreme Court:
"... The State introduced evidence that Tomlin had planned to kill Ricky Brune for over nine months. He traveled from Texas to Mobile with a "hit man" for the express purpose of carrying out his plan to kill Brune. Tomlin and Daniels apparently gained entry into the back seat of Brune's car, and then shot not only Brune but also his fifteen-year-old companion in the back with a shotgun and a pistol. We are not inclined to rule as a matter of law that the murders were not especially heinous, atrocious or cruel...." (Ex parte: Tomlin 443 So.2d 59, 63 [Ala.,1983])
2. These homicides were execution-type slayings; the gunshots were fired from the back seat of David Brune's automobile as the two victims sat in the front seat.
3. The victims were shot numerous times with a pistol and a shotgun, which no doubt caused pain and mutilation prior to death. The Court places the greatest weight on this consideration.
I. In summary, the Court finds that the Defendant's capital felony was especially heinous, atrocious and cruel within the meaning of Section 13-11-6(8), Code of Alabama, 1975, but the Court does not find any other aggravating circumstance as set out in said Section 13-11-6.

III.

MITIGATING CIRCUMSTANCES
As to mitigating circumstances, the Court finds the following:
A. The Court does not find that the Defendant has no significant history of prior criminal activity. The Court finds that prior to these homicides the Defendant had been convicted of petty larceny, possession of marijuana, possession of drug paraphernalia and carrying a prohibited weapon. The pre-sentence report (which the Defendant does not question) indicates that these convictions were not mere aberrations in a *795 generally law abiding life-style but were entirely consistent with the Defendant's general life-style prior to and at the time of these homicides. A copy of the pre-sentence report is attached hereto. At the sentencing hearing, Counsel for the Defendant argued that there is nothing in the Defendant's background that shows a tendency toward violence. The Court will treat this as a claim of a non-statutory mitigating circumstance and will discuss it below.
B. The Court does not find that the Defendant committed the capital felony while he was under the influence of extreme mental or emotional disturbance. The evidence that this crime was long and carefully planned and carefully executed clearly shows that mental or emotional disturbance played no part in it.
C. The Court does not find that either of the victims was a participant in the defendant's conduct or consented to the act. The evidence clearly shows that the exact opposite was the case.
D. As to the matter set out at § 13-11-7(4), Code of Alabama, 1975, the Court finds as follows:
1. The Defendant was a principal and full-fledged participant in murder in the first degree wherein two or more human beings were intentionally killed by the Defendant by one or a series of acts.
2. The Defendant was an accomplice in murder in the first degree, wherein the killing was done pursuant to a contract or for hire as set out in detail in Section I(R), above. However, the Court does not find that the Defendant's participation in such capital felony was in any sense minor.
3. Therefore, the Court does not find the mitigating circumstance set out at Section 13-11-7(4), Code of Alabama, 1975.
E. The Court does not find that the Defendant acted under any duress or under the domination of any other person. In fact, the Defendant was the instigator and planner of the capital felony.
F. The Court does not find that the capacity of the Defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was in any way impaired. The evidence indicates the exact opposite.
G. The Court does not find that the age of the Defendant, which was 22 years at the time of the capital felony, was a mitigating circumstance in his crime.
H. Therefore, the Court finds no statutory mitigating circumstance as listed in Section 13-11-7, Code of Alabama, 1975.
I. As to non-statutory mitigating circumstances, the Court considers all of the matters raised by the Defendant and by the evidence at trial and at the sentencing hearing. The Court particularly considers the Defendant's argument relating to his claim that his background prior to this crime showed no tendency toward violence. In light of the undisputed matters in the attached pre-sentence report, this Court does not make such a finding. However, the Court does find as a particular non-statutory mitigating circumstance that there is no indication that prior to his commission of capital felony the Defendant had any tendency toward serious violence.

IV.

SUMMARY AND CONCLUSION
The Court has found, on the basis of proof beyond a reasonable doubt, that the Defendant committed and has been duly convicted of the capital felony condemned by Section 13-11-2(a)(10), Code of Alabama, 1975first degree murder wherein two or more human beings are intentionally killed by one or a series of acts. In addition, the Court has found on the same basis, that the Defendant committed and has been duly convicted of the capital felony condemned by Section 13-11-2(a)(7), Code of Alabama, 1975murder in the first degree pursuant to a contract or for hire. Either conviction would authorize the death sentence without more. Kyzer v. State, 399 So.2d 330 (Ala., 1981). Even if every mitigating factor, claimed by the Defendant or suggested in any fashion by this case, were to be found by the Court, it would be more than counter-balanced by the other facts in this case. In addition, this Court has found that the Defendant's *796 crime was especially heinous, atrocious and cruel. See II(H), above. After carefully weighing the aggravating and mitigating circumstances, the Court upholds the death sentence.
Although, as noted above, the Defendant stands duly convicted of two different capital felonies, he may be sentenced, under the circumstances of this case, for only one. Duncan v. State, 436 So.2d 883 (Ala. Cr.App., 1983); cert. den. (Ala.1983); cert. den. [464] U.S. [1047], [79] L.Ed.2d [182], 104 S.Ct. 720 (1984). Therefore, the Court will only sentence the Defendant for first degree murder wherein two or more human beings are intentionally killed by one or a series of acts, as condemned by Section 13-11-2(a)(10), Code of Alabama, 1975.

V.

JUDGMENT AND SENTENCE
It is therefore considered and adjudged by the Court that Phillip Wayne Tomlin is guilty of Capital Felony as charged in the indictment, and specifically of murder in the first degree wherein two human beings, namely Cheryl Moore and Richard Brune, were intentionally killed by the said Phillip Wayne Tomlin by one or a series of acts.
It is therefore ordered and adjudged that you, Phillip Wayne Tomlin, suffer death by electrocution at any time before the hour of sunrise on the 7th day of January, 1985, inside the walls of the William C. Holman Unit of the Prison System at Atmore, Alabama, in a room arranged for the purpose of electrocuting convicts sentenced to death by electrocution.
It is therefore further ordered and adjudged by the Court that the Warden of William C. Holman Unit of the State Prison at Atmore, or in the case of his death, disability, or absence, his Deputy, or in the event of the death, disability, or absence of both the Warden and his Deputy, the person appointed by the Commissioner of Corrections, at any time before the hour of sunrise shall on the 7th day of January, 1985, inside the walls of the William C. Holman Unit of the Prison System at Atmore, in a room arranged for the purpose of electrocuting convicts sentenced to death by electrocution, cause to pass through the body of said Phillip Wayne Tomlin, a current of electricity of sufficient intensity to cause his death, and the continuance and application of such current through the body of the said Phillip Wayne Tomlin until the said Phillip Wayne Tomlin be dead, and may Almighty God have mercy on Your Soul.
Ordered this 20th day of September, 1984.
 Ferrill D. McRae 
 Ferrill D. McRae, Circuit Judge
 Thirteenth Judicial Circuit
 State of Alabama

ON APPLICATION FOR SECOND REHEARING
TAYLOR, Judge.
The appellant has again applied for rehearing, raising four issues for us to review. We again extend our opinion in order to address these issues, for "the severity of the [death] sentence mandates careful scrutiny in the review of any colorable claim of error." Zant v. Stephens, 462 U.S. 862, 885, 103 S.Ct. 2733, 2747, 77 L.Ed.2d 235 (1983).
First, the appellant claims that the trial court erred in not impaneling a jury for the sentencing hearing on remand. He relies on Ritter v. Smith, 726 F.2d 1505 (11th Cir.)), cert. denied, 469 U.S. 869, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984), holding unconstitutional the sentence procedure in the former death penalty act. Ala.Code §§ 13-11-1, et seq. This issue, however, is foreclosed by the Supreme Court's determination that the procedure is constitutional. Baldwin v. Alabama, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985). See also Daniels v. State, [1 Div. 92, November 26, 1985] (Ala.Cr.App.1985), the appellant's co-defendant, in which this issue was thoroughly addressed in part V-B of that opinion.
That same portion of the Daniels opinion is also dispositive of the appellant's second issue, i.e., that the offense was especially heinous atrocious or cruel.
*797 Next, the appellant claims the trial court was in error in not finding as a mitigating circumstance that the appellant had no significant history of prior criminal activity. His prior criminal activity consists of the following misdemeanor convictions: 1) April 5, 1971, petit larceny; 2) July 4, 1975, possession of marijuana for personal use; 3) July 4, 1975, possession of narcotic paraphernalia; and 4) February 28, 1975, carrying a prohibited weapon. He argues that the misdemeanors do not amount to a "significant" history. We have previously held that misdemeanor convictions may amount to a "significant" history. See Murry v. State, 455 So.2d 53, 66, 70 (Ala.Cr.App.1983), rev'd on other grounds, 455 So.2d 72 (Ala.1984). We also take note of the trial judge's finding "that these convictions were not mere aberrations in a generally law abiding life-syle but were entirely consistent with the defendant's general life-syle prior to and at the time of these homocides [sic]." Record on return to remand R.-34.
Lastly, the appellant claims the trial judge failed to give a proper allocution. However, the judgment entry indicates a proper allocution was given. Additionally, the reporter's transcript indicates that, just prior to pronouncing sentence, the judge asked appellant, "Do you have anything further you want me to put in the record." (RRR.-12.) Consequently, there is no need to have another sentencing proceeding.
Having addressed all of the issues raised by the appellant, we overrule his application for rehearing.
OPINION EXTENDED;
APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.
NOTES
[*] This offense occurred January 2, 1977. On that date the applicable law was Act. No. 213, Acts of Alabama, 1975. However, this Act is codified as Sections 13-11-1 through 9, Code of Alabama, 1975, and for the sake of convenience, this order will refer to the codified provisions.