Phillip Wayne Tomlin was indicted and convicted of capital murder as defined in Ala. Code 1975, § 13-11-2(a)(7) and (10) (repealed 1981).[1] The jury fixed Tomlin's punishment at death. The Alabama Court of Criminal Appeals affirmed the conviction, but found certain defects in the sentencing order and remanded the case to the trial court with directions to correct the sentencing order. See Tomlin v. State, 443 So.2d 47
(Ala.Cr.App. 1979). This Court affirmed the Court of Criminal Appeals' decision. See Ex parte Tomlin, 443 So.2d 59 (Ala. 1983), cert. denied, 466 U.S. 954, 104 S.Ct. 2160,80 L.Ed.2d 545 (1984).
On September 24, 1984, additional testimony was taken by the trial court and, thereafter, the trial court again imposed the death penalty with a new sentencing order. On return to remand on November 12, 1985, the Court of Criminal Appeals *Page 798 
affirmed the new sentencing order. On January 7, 1986, the Court of Criminal Appeals denied rehearing but withdrew its November 12, 1985, opinion and issued another opinion. A second application for rehearing was filed by Tomlin and was overruled with an extension of the January 7 opinion on June 10, 1986.Tomlin v. State, 516 So.2d 790 (Ala.Cr.App. 1986). Tomlin then filed a petition for writ of certiorari with this Court, which we granted pursuant to Rule 39(c), A.R.App.P.
We have reviewed the record in this case, scrutinized the holding of the Court of Criminal Appeals, and carefully considered the propriety of the death penalty, and find that there were no errors adversely affecting the rights of the defendant. Therefore, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
MADDOX, JONES, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
[1] The 1975 capital punishment statute, as contained in §§ 13-11-1 through 13-11-9, was carried over intact to the new criminal code as §§ 13A-5-30 through 13A-5-38. These sections of the new criminal code were repealed, effective July 1, 1981, by the 1981 capital offense statute, but only as to conduct occurring on or after July 1, 1981. Therefore, conduct occurring before July 1, 1981, as in the present case, is governed by the pre-existing law, i.e., §§ 13A-5-30 through 13A-5-38. See Spears v. State, 428 So.2d 174 (Ala.Cr.App. 1982).