615 So.2d 668 (1993)
Davidson Joel JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 78161.
Supreme Court of Florida.
March 4, 1993.
Larry Helm Spalding, Capital Collateral Representative and Mary Elizabeth Wells, Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
McDONALD, Justice.
Davidson Joel James, a prisoner on death row, appeals the trial court's summary denial of his second motion for postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla.R.Crim.P. 3.850. We reverse the trial court's order and direct the court to conduct a new penalty proceeding and resentence James.
A jury convicted James of first-degree murder, attempted first-degree murder, and armed robbery and recommended that he be sentenced to death, which the trial court did. We affirmed his convictions and sentences on direct appeal. James v. State, 453 So.2d 786 (Fla.), cert. denied, 469 U.S. 1098, 105 S.Ct. 608, 83 L.Ed.2d 717 (1984). After the signing of his death warrant in 1986, we denied James' petition for writ of habeas corpus and affirmed the trial court's denial of his first motion for postconviction relief. James v. Wainwright, 484 So.2d 1235 (Fla.), cert. denied, 477 U.S. 909, 106 S.Ct. 3285, 91 L.Ed.2d 574 *669 (1986); James v. State, 489 So.2d 737 (Fla. 1986).[1]
In the instant appeal James raises eight issues[2] based on Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), and argues that the trial court erred in summarily denying his motion. The trial court denied the motion without a hearing and held that no Hitchcock error occurred and that the other issues were procedurally barred because they could have been raised or were raised previously. Cf. Davis v. State, 589 So.2d 896 (Fla. 1991) (Hitchcock is not broad enough to lift the procedural bar of non-Hitchcock issues). We agree with the trial court's ruling except for one issue.
While this appeal was pending, the United States Supreme Court declared our former instruction on the heinous, atrocious, or cruel aggravator inadequate. Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). Claims that the instruction on the heinous, atrocious, or cruel aggravator is unconstitutionally vague are procedurally barred unless a specific objection on that ground is made at trial and pursued on appeal.[3]Melendez v. State, 612 So.2d 1366 (Fla. 1992). James, however, objected to the then-standard instruction at trial, asked for an expanded instruction, and argued on appeal against the constitutionality of the instruction his jury received. Because of this it would not be fair to deprive him of the Espinosa ruling.
In closing argument the state attorney argued forcefully that the murder was heinous, atrocious, or cruel. On appeal, on the other hand, we held that the facts did not support finding that aggravator. James, 453 So.2d at 792. Striking that aggravator left four valid ones to be weighed against no mitigators, and we believe that the trial court's consideration of the invalid aggravator was harmless error. We cannot say beyond a reasonable doubt, however, that the invalid instruction did not affect the jury's consideration or that its recommendation would have been the same if the requested expanded instruction had been given. Therefore, we reverse the trial court's order as to the last issue regarding the constitutionality of the instruction on the heinous, atrocious, or cruel aggravator. The trial court is directed to empanel a new jury, to hold a new sentencing proceeding, and to resentence James.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW and HARDING, JJ., concur.
KOGAN, J., concurs in result only.
GRIMES, J., dissents with an opinion.
GRIMES, Justice, dissenting.
Ten years ago Davidson Joel James was convicted and sentenced to death. One of his arguments on appeal was that the standard jury instruction on heinous, atrocious, and cruel given in his case was vague. We rejected this argument, and the United States Supreme Court denied James's petition for certiorari. James v. State, 453 So.2d 786 (Fla.), cert. denied, 469 U.S. 1098, 105 S.Ct. 608, 83 L.Ed.2d 717 (1984). *670 Several years later, the United States Supreme Court held that an instruction on heinous, atrocious, and cruel, similar to that given in James's case, was unconstitutionally vague. Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). The standard jury instruction was then changed to correct the defect. However, this Court held that because the judge, rather than the jury, was the sentencer in Florida, the vagueness of the jury instruction was not fatal. Smalley v. State, 546 So.2d 720 (Fla. 1989). The United States Supreme Court has now held that because judges are required to pay deference to the jury's sentencing recommendation in Florida, the vague jury instruction on heinous, atrocious, and cruel requires reversal absent a finding of harmless error. Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992).
Obviously, any defendant who objected to the erroneous instruction and whose case is not final is entitled to the benefit of Espinosa. However, I do not believe that Espinosa should be given retroactive effect. In Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), which was also a death case, this Court considered the circumstances under which a change of law should be given retroactive effect in proceedings for postconviction relief. We held:
We emphasize at this point that only major constitutional changes of law will be cognizable in capital cases under Rule 3.850. Although specific determinations regarding the significance of various legal developments must be made on a case-by-case basis, history shows that most major constitutional changes are likely to fall within two broad categories. The first are those changes of law which place beyond the authority of the state the power to regulate certain conduct or impose certain penalties. This category is exemplified by Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), which held that the imposition of the death penalty for the crime of rape of an adult woman is forbidden by the eighth amendment as cruel and unusual punishment. The second are those changes of law which are of sufficient magnitude to necessitate retroactive application as ascertained by the three-fold test of Stovall [v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)] and Linkletter [v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965)]. Gideon v. Wainwright, [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)] of course, is the prime example of a law change included within this category.
In contrast to these jurisprudential upheavals are evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters. Emergent rights in these categories, or the retraction of former rights of this genre, do not compel an abridgement of the finality of judgments. To allow them that impact would, we are convinced, destroy the stability of the law, render punishments uncertain and therefore ineffectual, and burden the judicial machinery of our state, fiscally and intellectually, beyond any tolerable limit.
Witt, 387 So.2d at 929-30 (footnotes omitted).
I do not view Espinosa as a change of law of significant magnitude to require retroactive application. The Espinosa error is much different from that pronounced in Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). The instruction found wanting in Hitchcock directed the jury to consider only the statutory mitigating evidence, thereby precluding a consideration of nonstatutory mitigating evidence. It was appropriate that such a significant change of law was given retroactive application. Espinosa did not deal with introducing improper aggravating evidence or excluding consideration of mitigating evidence. It addressed only the question of whether the standard jury instruction adequately explained the aggravating factor of heinous, atrocious, and cruel. Espinosa was a refinement in the law which *671 ultimately applied the rule of Maynard v. Cartwright to Florida.
The public can have no confidence in the law if court proceedings which have become final are subject to being reopened each time an appellate court makes a new ruling. Who can say that the wisdom of today's judges is any greater than those who made decisions ten years ago? As this Court stated in Witt:
We reject, therefore, in the context of an alleged change of law, the use of postconviction relief proceedings to correct individual miscarriages of justice or to permit roving judicial error corrections, in the absence of fundamental and constitutional law changes which cast serious doubt on the veracity or integrity of the original trial proceeding.
Witt, 387 So.2d at 929 (footnote omitted). It was deemed inappropriate to give retroactive effect to even such a dramatic and far-reaching change in the law as the requirement to give Miranda[4] warnings. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The change in Florida law which refined the instruction on heinous, atrocious, and cruel hardly warrants such unsettling treatment.
I respectfully dissent.
NOTES
[1] In James v. Singletary, 957 F.2d 1562 (11th Cir.1992), the federal circuit court recently directed the federal district court to conduct an evidentiary hearing on James' claim that he was incompetent to stand trial.
[2] The issues currently raised are: 1) James' death sentence violated Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), and Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987); 2) the state used nonstatutory aggravators and other impermissible factors in arguing that James should be sentenced to death; 3) the murder was not cold, calculated, and premeditated; 4) the burden of showing life imprisonment to be the appropriate sentence was improperly shifted to James; 5) the sentence is improperly predicated on an automatic aggravator; 6) the jury was misled in regards to recommending mercy; 7) the jury was incorrectly instructed on the vote needed for its recommendation; and 8) the instruction on the heinous, atrocious, or cruel aggravator is unconstitutional.
[3] The same is true for challenges to the constitutionality of the instruction on the cold, calculated, and premeditated aggravator. James did not object to the form of that instruction, and his current argument as to its validity is procedurally barred.
[4] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)