Davidson J. JAMES, Petitioner–Appellant,

v.

Harry K. SINGLETARY, Secretary, Florida Department of Corrections, Respondent–Appellee.

No. 87–3488.

United States Court of Appeals, Eleventh Circuit.

June 23, 1993.

Michael A. Mello, Vermont School of Law, South Royalton, VT, M. Elizabeth Wells, Asst. Capital Collateral Representative, Gail E. Anderson, Tallahassee, FL, for petitioner-appellant.

William Munsey, Robert Joseph Landry, Asst. Attys. Gen., Tampa, FL, for respondent-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON, Circuit Judge, and CLARK, Senior Circuit Judge.

PER CURIAM:

This habeas corpus proceeding is back before us following a limited remand to the district court to determine whether the petitioner, Davidson Joel James, was competent to stand trial. The district court concluded that James was competent, and we affirm. Because the Florida Supreme Court has determined that James is entitled to a new sentencing proceeding, we need not address the capital sentencing claims on which we had reserved judgment.

I.

An account of the facts and procedural history of this case can be found in our prior opinion, *James v. Singletary*, 957 F.2d 1562 (11th Cir.1992) (*James I*). James was convicted of first degree murder, attempted first degree murder, and armed robbery. He was sentenced to death for the murder, and to consecutive life sentences for the other crimes. After direct and collateral proceedings in the Florida courts, James filed a federal habeas corpus petition. He raised twelve claims for relief, five of which reached this court on appeal. Two of these were challenges to James' convictions: (1) that the prosecution had withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and (2) that James had been incompetent to stand trial. The remaining three claims attacked

James' sentences. *See James I,* 957 F.2d at 1567.

We rejected James' *Brady* claim, concluding that "[p]etitioner is not entitled to an evidentiary hearing on this claim because he failed to preserve it for appeal." *James I,* 957 F.2d at 1567–68. We did not reach James' sentencing claims, but retained jurisdiction over them for subsequent consideration. We examined James' incompetency claims, and found that he was entitled to an evidentiary hearing to determine whether he was, in fact, incompetent at the time of his state court trial. *Id.* at 1569. Accordingly, we remanded the case to the district court for such a hearing.

That hearing has been held, and the district court's findings and conclusion are before us. We now complete our review of James' substantive incompetency claim and address the remaining sentencing claims.

## II.

The district court conducted the evidentiary hearing on October 27–28, 1992. James called his trial counsel, Brian Donerly, and two clinical psychologists, Dr. Patricia Flemming and Dr. Jethrow Toomer. He submitted the report of a third psychologist, Dr. Harry Krop. The respondent called the state court prosecutor, as well as Dr. Gerald Mussenden, the clinical psychologist employed by James' attorney at the time of the trial.

The district court undertook the two-part analysis suggested by *Bundy v. Dugger,* 850 F.2d 1402, 1408 (11th Cir.1988): (1) determination of whether the defendant suffered from a "clinically recognized disorder," and, (2) if so, whether the disorder caused the defendant to be incompetent. We had set out the standard which the court would use to determine whether James was competent:

> A defendant is considered competent to stand trial if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and [if] he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362

U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960).

*James I,* 957 F.2d at 1574.

Although James' experts testified that he suffered from "organic brain syndrome," and that his capacity to engage in abstract thought was thereby diminished, the district court found James to have been competent at the time of his trial. Dr. Mussenden testified that in his professional opinion James was competent at the time of the trial. Mr. Donerly testified that he had had no reason to believe that James was incompetent. The court found that James participated in developing his trial strategy, insisting on an alibi defense against Donerly's advice, "under the circumstances of the case, necessarily a rational choice." The district court further found that in light of "all of the historical facts and circumstances disclosed by the record ... the Defendant had 'a reasonable degree of rational understanding' both in terms of consulting with his lawyer and otherwise participating in the proceedings."

This finding is not clearly erroneous. We therefore affirm the district court's conclusion that James was competent to stand trial.

## III.

Subsequent to our opinion in *James I,* the Florida Supreme Court revisited the question of James' capital sentencing proceedings. *James v. State,* 615 So.2d 668 (Fla.1993). In that opinion, the court considered the effect of the United States Supreme Court's opinion in *Espinoza v. Florida,* —— U.S. ——, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), on James' sentencing claims. The court concluded that James' prior sentencing was not constitutional, and directed the state trial court "to empanel a new jury, to hold a new sentencing proceeding, and to resentence James." That decision renders our reservation of the sentencing issues in James' federal habeas appeal moot.

## IV.

We previously determined that James' *Brady* claim was not preserved on appeal. We now find that the district court commit-

ted no error in concluding that James was competent to stand trial. James' sentencing claims have been rendered moot by the actions of the Florida Supreme Court. Accordingly, we affirm the district court's denial of habeas relief respecting James' convictions. On receipt of our mandate, the district court shall dismiss the petition with prejudice.

IT IS SO ORDERED.