NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0677n.06

**No. 08-4654**

**FILED**

**Nov 05, 2010**

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MATTHEW L. HILL, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| MICHAEL SHEETS, Warden, | ) | |
| | ) | |
| Respondent-Appellant. | ) | |

_____

**Before: GRIFFIN and WHITE, Circuit Judges; MURPHY, District Judge.**[*]

**HELENE N. WHITE, Circuit Judge.** In this habeas corpus proceeding, Warden Michael

Sheets appeals the district court's order vacating petitioner Matthew Hill's sentence and directing

that Hill either be resentenced or released as a remedy for the violation of his constitutional rights

under *Blakely v. Washington*, 542 U.S. 296 (2004). We **DISMISS** the petition for lack of

jurisdiction.

**FACTS AND PROCEDURAL HISTORY**

We accept the state appellate court's summary of the case:

> On February 2, 2004, Appellant entered the residence of Danny Thornhill.
> An altercation occurred between Appellant and Thornhill. During this altercation,
> Thornhill was struck repeatedly with a handgun. Thornhill fled the residence,
> followed by Appellant who fired at least two shots at Thornhill. By the time police
> arrived, Appellant had fled from the scene.

_____

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District
of Michigan, sitting by designation.

On February 11, 2004, the Muskingum County Grand Jury indicted Appellant on the following charges: one count of Aggravated Robbery with a gun specification, in violation of Ohio Revised Code Section 2911.01(A)(1) and 2941.145, a felony of the first degree; one count of Aggravated Burglary with a gun specification, in violation of Ohio Revised Code Section 2911.11(A)(2) and 2941.145, a felony of the first degree; two counts of Felonious Assault with a gun specification, in violation of Ohio Revised Code Section 2903.11(A)(2) and 2941.145, a felony of the second degree; one count of Theft of a Firearm, in violation of Ohio Revised Code Section 2913.02(A)(1) and 2941.145, a felony of the fourth degree; and one count of Aggravated Burglary with a gun specification, in violation of Ohio Revised Code Section 2911.11(A)(1) and 2941.145, a felony of the first degree.

On February 18, 2004, appellant appeared for arraignment and pled "not guilty" to all counts set forth in the Indictment.

On August 3, 2004, a jury heard the case. At the conclusion of the trial, the jury deliberated and returned a verdict of "guilty" on the two counts of Felonious Assault with a gun specification, in violation of Ohio Revised Code Section 2903.11(A)(2) and 2941.145, both felonies of the second degree. The [j]ury found Appellant "not guilty" on all other counts.

Appellant was sentenced on September 20, 2004. At the sentencing hearing, the trial court heard the report of the presentence investigator and the arguments of counsel for the respective parties before pronouncing sentence. Ultimately, the trial court sentenced Appellant to serve a prison sentence of eight years on each count of Felonious Assault and three years on each gun specification, all sentences to be served consecutive to one another for a total sentence of 22 years. This sentence is the maximum sentence that Appellant could have received for the crimes for which he was convicted.[1]

---

[1]At sentencing, the trial court explained its reasons for the sentence:

The Court also finds that, given your prior criminal history going back to a juvenile, which includes robbery, thefts, the normal run-a-way type offenses as well as aggravated vehicular assault and aggravated vehicular homicide, you have hurt people in the past and obviously you have not learned from it; including a domestic violence in 2003 and discharging a firearm in 2004, and then you go break into a person's house and end up shooting at him on the street.

Based on that, the Court finds, first of all, that a prison sentence is

appropriate. The Court also finds that the minimum sentence would demean the seriousness of the offense and also not adequately protect society, and the maximum sentence is necessary to protect society because you create the greatest likelihood of committing further crimes of similar nature. You have throughout your history so far. Therefore, the Court will impose an 8-year sentence on each of the felonies of the second degree.

The Court also finds that your criminal history shows that consecutive terms are needed to protect the public. Therefore, the Court will order the 8-year sentences be served consecutively. Given your nature and your history and all that you have done so far, the Court finds that it's needed to protect the public.

The Court also imposes the 3-year gun specifications. Each of the gun specifications must – by law must be served consecutively.

Four days later, the trial court issued a written entry of judgment further explaining the sentence:

The Court finds that the presumption for second degree felonies is a prison term and that a gun specification is a mandatory consecutive sentence.

The Court after consideration of purposes and principles under Revised Code § 2929.11, and the factors under § 2929.12 and § 2929.13(D), finds that the offenses were facilitated by the defendant's relationship with the victim, that he has a prior adjudication, a history of criminal convictions, has failed to respond in the past to probation, has failed to acknowledge a pattern of alcohol/drug abuse related to the offenses, and shows no genuine remorse. The Court further finds that the Defendant as a juvenile was convicted of Aggravated Vehicular Assault, Aggravated Vehicular Homicide, and Robbery; as an adult he has a conviction for domestic violence, and was ordered to attend an anger management class. Based upon the factors found, the Court finds that the presumption for prison has not been rebutted.

The Court further finds that a minimum sentence would demean the seriousness of the offenses, and would not adequately protect society. The Court in further consideration of the Defendant's record finds that he has numerous prior crimes of violence, that he has a continuing pattern of violent acts, and that he poses the greatest likelihood of committing future crimes and in order to punish the defendant and protect the public maximum consecutive sentences are not only warranted, but are not disproportionate to the danger the defendant poses. The Court further finds that the offenses herein as well as the gun specifications are not of allied

Although the remaining procedural history in state court is complex, resolution of this appeal does not require that we describe it in detail. It is sufficient to note that Hill challenged his conviction in both direct-appeal and post-conviction proceedings, raising several grounds including that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). *See also State v. Foster*, 845 N.E.2d 470 (Ohio 2006).

In June 2007 Hill, *pro se*, filed a federal habeas petition in the district court. He raised two claims: 1) that his sentence was unconstitutional because the trial judge decided sentencing factors instead of the jury, and 2) that his appellate counsel was ineffective for failing to raise a double-jeopardy claim on direct appeal. The Warden argued that Hill's claims were procedurally defaulted and meritless.

In July 2008, a magistrate judge issued a report and recommendation, finding that Hill had procedurally defaulted his claims in state court, but that the ineffective assistance of Hill's appellate counsel in failing to raise a *Blakely* claim provided cause and prejudice excusing the default. The magistrate judge concluded that Hill's *Blakely* claim had merit (and that his double-jeopardy claim did not) and recommended conditionally granting the petition on the *Blakely* claim. Over the Warden's objections, the district court adopted the report and recommendation. The court's November 4, 2008, order vacated Hill's sentence and directed that he "be released from incarceration unless the state resentences him within sixty (60) days." The Warden appealed.

---

similar import and the defendant shall be sentenced on both counts and both gun specifications.

(emphasis removed.)

Two days after filing his notice of appeal, the Warden moved for a stay of final judgment pending appeal, which the district court granted. By that time, Hill had filed *pro se* motions in state court to begin the resentencing process.[2] Hill was resentenced in state court on December 29, 2008, by a different sentencing judge, to the same 22-year sentence.

On appeal, Hill filed a motion for counsel, which was granted, as were the parties' motions to take judicial notice of Hill's resentencing.

## DISCUSSION

First and foremost, this appeal presents a jurisdictional issue. As this court has explained,

> Article III, Section 2 of the United States Constitution authorizes the federal judiciary only to hear cases or controversies, and therefore federal courts may not exercise jurisdiction when the controversy has been mooted, that is to say, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.

*Gentry v. Deuth*, 456 F.3d 687, 693 (6th Cir. 2006) (internal quotation marks and citations omitted).

In *Gentry*, this court held that a prisoner's release did not moot her habeas petition where her status

---

[2]The timing was as follows: On November 28, 2008, Hill submitted *pro se* motions for presentence investigation and appointment of counsel "following the issuance of a Writ of Habeas Corpus by the United States District Court for Ohio on November 5, 2008, remanding defendant Hill for resentencing in this Court." Also on November 28, 2008, the Warden filed the stay motion in federal district court. (R. 27.) Hill submitted his *pro se* brief opposing the motion on December 9, 2008. Hill filed his *pro se* state-court sentencing memorandum on December 16, 2008. On December 17, 2008, the federal district court granted the stay. On December 22, 2008, the state court held a hearing regarding resentencing and continued the matter to "more fully research the details of the case." The court, apparently unaware of the stay, cited Hill's favorable habeas-corpus judgment in federal court as the basis for resentencing. On December 29, 2008, the state court, still apparently unaware of the stay, again referenced Hill's favorable federal habeas judgment, and resentenced Hill. Counsel for both Hill and the State of Ohio were present at both December state-court resentencing hearings.

as a convicted felon would cause her to face "collateral consequences," such as not being able vote or hold public office, and being subject to federal criminal laws and restrictions that apply only to felons. *Id*. at 694-95. The *Gentry* court distinguished the petitioner's habeas claim, which challenged her conviction, from those of individuals who had challenged only their sentences, or conditions of confinement, and received full relief from any constitutional error once they were released. *Id*. at 694; *see also James v. Singletary*, 995 F.2d 187, 188-89 (11th Cir. 1993) (federal habeas petition challenging sentencing mooted when state courts resentenced petitioner).

The district court's order conditionally granting Hill's petition vacated his sentence and directed that he "be released from incarceration unless the state resentences him within sixty (60) days." Because the state resentenced Hill, he has obtained one of the two individually sufficient options for relief ordered by the district court. Further, because Hill obtained habeas relief with regard to his sentencing claim alone, he does not have a cognizable interest in avoiding the collateral consequences of his conviction. As the Warden himself noted in his motion for stay, "[t]o resentence Hill would effectively moot this litigation." We agree. The appeal before us is moot.

In their briefs, both parties assert that Hill's resentencing was "void" pursuant to 28 U.S.C. § 2251(b). That statute states in relevant part:

§ 2251 Stay of State court proceedings

(a) In general.–

(1) Pending matters.– A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or

> under the authority of any State for any matter involved in the habeas corpus proceeding.
>
> . . .
>
> (b) No further proceedings.– After the granting of such a stay, any such proceeding in any State court or by or under the authority of any State shall be void. If no stay is granted, any such proceeding shall be as valid as if no habeas corpus proceedings or appeal were pending.

28 U.S.C. § 2251 (bold removed).

Despite the parties' concessions, it does not appear that 28 U.S.C. § 2251(b) applies here. The stay provision allows federal courts to stay *state-court proceedings*. *See* § 2251(a)(1) (a federal judge "may . . . stay any proceeding against the person detained in any State court"); 17B CHARLES ALAN WRIGHT, ARTHUR MILLER, EDWARD H. COOPER, & VIKRAM DAVID AMAR, FEDERAL PRACTICE AND PROCEDURE, § 4268.4 (referring to § 2251, stating "[b]oth before and after judgment the district court has authority to stay all state-court proceedings that have the effect of defeating or impairing the federal court's jurisdiction."); *McFarland v. Scott*, 512 U.S. 849, 857 (1994) ("The federal habeas corpus statute grants any federal judge 'before whom a habeas corpus proceeding is pending' power to stay a state-court action 'for any matter involved in the habeas corpus proceeding.'") (citing 28 U.S.C. § 2251, emphasis removed). Despite the parties' assertions to the contrary, it is plain that the district court's order did not stay any state-court proceeding; rather, the court stayed its own judgment.[3] *See* Opinion and Order, R.30 at 1 ("On November 4, 2008 final judgment was entered . . . . This matter now is before the Court on

---

[3]This is precisely what the Warden had asked the district court to do. The Warden's stay motion consistently (and only) referred to the district court's own November 4, 2008, order of final judgment. The Warden's stay motion was entitled "Respondent Sheets' Motion for Stay of Court's November 4, 2008[,] Judgment." Nor did the Warden's motion cite § 2251 in its stay request.

respondent's request for a stay of final judgment . . . . respondent's request for a stay [] is granted.").

Thus, Hill's resentencing is not void under 28 U.S.C. § 2251(b).[4]

## CONCLUSION

For the foregoing reasons, the appeal is moot. We **DISMISS** for lack of jurisdiction.

---

[4]Nor does it appear that Hill's resentencing violates the district court's order. The order granting the stay clearly envisioned affording the State time to resolve the appeal before being compelled to resentence or release Hill. *See* R. 30 at 3, 2 ("By granting the request for a stay, respondent will be able to obtain appellate review of this Court's decision.") ("the Court agrees that respondent will suffer some injury absent a stay. If the Court doesn't stay execution of the conditional writ of habeas corpus, and the State of Ohio is required to re-sentence petitioner, respondent's appeal of this Court's decision may be rendered moot."). However, the order does not purport to prevent the state from changing course and voluntarily participating in a resentencing proceeding before resolution of the appeal.