NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0206n.06

No. 09-3979

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 01, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| AKIL McINTOSH, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| STUART HUDSON, | ) | |
| | ) | OPINION |
| Respondent-Appellant. | ) | |

BEFORE:     BOGGS and McKEAGUE, Circuit Judges; and QUIST, District Judge.[*]

**PER CURIAM.** This case poses the question whether the statute of limitations for habeas corpus claims under 28 U.S.C. § 2244(d)(1)(D) requires that the defendant demonstrate due diligence in order to receive the later start date for appeal-based, as well as conviction-based, claims. The district court concluded that due diligence is not required in appeal-based claims and therefore Petitioner McIntosh's appeal-based claim was timely. It determined that McIntosh was entitled to notice of his appellate rights, despite his guilty plea, and therefore that the state court's denial of his delayed appeal violated federal law. The district court therefore granted a conditional writ of habeas corpus, requiring reinstatement of McIntosh's direct appeal within sixty days or release of McIntosh from prison.

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Ohio reinstated McIntosh's appeal. The Ohio Court of Appeals has now heard, and rejected, McIntosh's claim, *State v. McIntosh*, 2010-Ohio-6471, 2010 WL 5550252 (Ohio App. Dec. 30, 2010); and the time for him to seek review with the Supreme Court of Ohio has passed, *see* Ohio S. Ct. Prac. R. 2.2(A) (requiring appeal within 45 days of decision). Therefore, McIntosh's state appeal has been completed, and the appeal before this court has become moot. *See Hill v. Sheets*, No. 08-4654, 2010 WL 4627896, at *3 (6th Cir. 2010) (holding that when the state fulfilled one of the two options ordered by the district court for habeas relief, the appeal to this court was moot).

The sole reason we dismiss this appeal is that it is now moot and thus immune from review; *Hall v. Beals*, 396 U.S. 45, 48 (1969); whether a right to notice of appeal in these circumstances is "clearly established," however, remains an open question. Because we lack the authority to vacate the district court's now-moot judgment granting habeas relief, we **DISMISS** the appeal for want of jurisdiction.